EDWIN R. BROWN *vs.* W. H. MULLINS et ux.

A guardian, by the statute of this State, has no right to exceed the income of his ward's estate without authority from the probate court.

A guardian should be allowed all reasonable and proper expenses and charges incurred by him in educating and maintaining his ward, to the extent of the income of the ward's estate, without any special order of the court in relation thereto, while such expenses and charges are reasonable and proper.

It was not the intention of the legislature (Hutch. Code, 506, § 133,) to require guardians to pay interest on money of the wards in their hands, except in relation to any balance of money that might remain annually in their hands accruing from the product or income of the ward's estate remaining over after the disbursements for the education and maintenance of the ward.

When the estate of the ward consists of money which comes into the guardian's hands, he is liable to pay interest on such principal sum or estate, whether he had consented to take it at interest, or received directions to loan it out at interest or not. *Held,* that the words "balance of money," in the statute, mean in the guardian's hands over and above disbursements for the education and maintenance of the ward; and the guardian is liable for interest on all such balance of sums, if he fail to exhibit an annual account to the probate court, showing such a balance.

*Hendricks* v. *Hudleston,* 5 S. & M. 422, and *Wm. J. Austin* v. *A. H. Lamar,* 1 Cushman, R. 189, cited and explained and declared, so far as they relate to the point in this case, to be *obiter dicta.*

If the complainants in the court below received the slave purchased by the guardian, he should have received a credit on his account for the amount paid out for it.

A guardian is entitled to a credit for all reasonable and proper fees paid by him to attorneys in prosecuting and defending suits in which the property or estate of the ward is interested.

ON appeal from the probate court of Copiah county.
The opinion of the court contains the facts of the case.

*Adams & Dixon,* for plaintiff in error.

*E. G. Peyton,* for defendants in error, filed an elaborate brief.

Mr. Justice YERGER delivered the opinion of the court.
Mullins and wife filed a bill in the probate court of Copiah

county against Brown for an account and decree against him, as guardian of Mrs. Mullins before her marriage. The bill alleges that, on the 16th of April, 1839, there came into the hands of Brown, as guardian, $2,177.24; that, in the years 1843 and 1844, he paid complainants $605; leaving a balance due of $1,572.24. The account of Brown, as exhibited, shows a balance in his favor; but the probate judge pronounced a decree against him for the sum of $1,387.04. It appears, from the bill of exceptions, that all the items of Brown's account were proven to be true. But we are unable to tell, from the decree pronounced in this case, what items of it were disallowed, or upon what basis the same was settled by the probate judge.

By the law of this State, a guardian has no right to exceed the income of the ward's estate, without authority of the probate court for so doing, in the education and maintenance of the ward. Hutch. Code, 505, § 131. But he should be allowed all reasonable and proper expenses and charges incurred by him in educating and maintaining the ward, to the extent of the income of the ward's estate, without any special order of the court in relation thereto; and whether such expenses and charges are reasonable and proper or not, will depend upon the future situation, prospects, and destination of the ward; all of which are proper subjects for the consideration of the court, in settling and allowing the account of the guardian.

Second. In relation to the interest with which a guardian is liable to be charged, we will remark that the law provides that a guardian, within three months after his appointment and acceptance, shall deliver an inventory of all the estate, real and personal, of the ward, which he shall have received; and shall exhibit, at least once a year, an account of the product of the said estate, and the sale and disposition of such product and disbursements. Hutch. Code, 505, § 128. By another provision of the statute, "every account of a guardian shall state his expenditures in maintaining and educating the ward, not exceeding the income of the estate, unless allowed by the court; and for no balance of money in his hands shall he be charged interest, unless he shall consent to take the same on

18*

interest; but the court may direct him to place the same at interest, taking bond," &c. Hutch. Code, 506, § 133.

In our opinion, it was not the intention of the legislature, by the provisions of § 133, above referred to, to change the rule of law on the subject of a guardian's liability for interest, except in relation to any balance of money that might remain annually in his hands accruing from the product or income of the ward's estate remaining over after the disbursements for the education and maintenance of the ward. But we believe that where the estate of the ward consists of money which came into the guardian's hands, that the guardian is liable to pay interest on such principal sum or estate, whether he had consented to take it at interest or not, or whether he had received special directions to lend it at interest or not; and we think the failure of the guardian to lend the money of his ward in such a manner as to produce an annual income or fund for the education and maintenance of the ward, would be as much a breach of his duty as guardian, as a failure to hire out slaves belonging to the ward, or to cultivate his plantation. In our opinion, the words "balance of money," in the statute, simply mean the balance that may remain in his hands of the annual income of the ward over and above the disbursements for the education and maintenance of the ward.

This seems to be manifest from the fact that the term "balance," used by the legislature, is contained in a section of the statute which refers to the account of the guardian on the subject of expenditures in maintaining and educating the ward, and which account the guardian was required to exhibit annually to the court.

We are aware that, in two cases heretofore decided by this court, an opinion somewhat different to this has been intimated. We refer to the cases of *Hendrick* v. *Hudleston,* 5 S. & M. 422, and *William J. Austin* v. *A. H. Lamar & Wife,* 1 Cush. 189. In regard to these cases, we would remark, that they are not direct adjudications upon the point, but were expressions of opinion given without a full investigation of the question, and, therefore, not binding upon us as authoritative precedents. And, while we would always hesitate to dissent from any opin-

Brown *v.* Mullins et ux.

ion announced by the distinguished and able jurist who decided the above cases, yet, on a question of so much importance, where the rights of minors are so deeply implicated, we are not willing to yield a clear and decided opinion entertained by us to any thing less than an authoritative and binding precedent.

We think, too, in reference even to such balance, the guardian would be liable for interest, if he should fail to exhibit an annual account to the probate court showing such balance, in order that that court might make an order to lend it out at interest.

Third. In relation to the charge in the account of this guardian for money paid for a slave bought for the ward, we will remark, that such purchase seems to have been made without authority; and, therefore, the guardian would not be entitled to a credit for the money so paid, unless the complainants have received the slave from him. If they have, he should be allowed a credit on the original sum received by him as guardian for the money paid for the slave at the date of such purchase, and should be charged with hire for the slave, from the date of his purchase till his delivery to complainants.

Fourth. In relation to the charges made for attorney's fees, we may remark, that we think a guardian is entitled to all reasonable and proper fees paid by him to attorneys in prosecuting or defending suits in which the property or estate of the ward is in litigation; and that credit for money so paid by him should be allowed in his account.

From the record of this case, as presented to us, we do not think the account of the guardian was settled upon the principles above announced; and we, therefore, reverse the decree, and remand the cause, with directions that the account of the guardian be settled according to the rules laid down in this opinion.

Decree reversed, and cause remanded.

Mr. Chief Justice SMITH gave no opinion in this case.