T. WIGGLE, et ux., v. B. L. OWEN, Guardian, etc.

1. APPEALS FROM THE PROBATE COURT.—No appeal lies from a mere interlocutory order of the probate court to this court, but only from a final decree.

Appeal from the probate court of Itawamba county. PHILLIPS, J.

*Clayton & Clayton*, for appellants.

The order of the court setting aside its judgment of a previous term, is the first error complained of. Whilst a court remains in session it may, in most instances, exercise power over its judgments and decrees. But when the term has elapsed, this power ceases; the judgments are then final, and can only be reviewed by appeal or writ of error. Sagory v. Bayless, 13 S. & M., 153. This is equally true of the final orders and decrees of the probate court. Hardy v. Gholson, 26 Miss., 70.

Now, this decree of the probate court is void, it being a decree attempting to set aside a decree of the *same* court, rendered at a *previous term*.

The chief justice, in his opinion in the case of McComb v. Ellett, 8 S. & M., 519, says: " But is not a judgment, at a subject term which vacates a previous judgment, also void ? And can a void judgment be vacated by a void judgment ? If both are void, they stand upon the same ground. A void judgment may be disregarded, even collaterally, and that is the proper course." Therefore we contend that the course taken by the court, in this case, was unwarranted, and should have been disregarded.

But, in the second place, we contend that the final decree

on the bill of review, was not void, but only erroneous, if not correct. The only reason that can be given that the decree was void is, that the process was not *tested* in the name of the probate judge. But it was under the hand of the clerk, and the seal of the court. The Code, p. 429, art. 21, is only directory, so far as citation to bring in defendants is concerned. As an evidence of this, in art. 23, on same page, a form of notice to non-residents is given, and is not tested, but only concludes " by order of court." This court has also decided, in the case of Campbell v. Hays, 41 Miss., 561, that a judgment by default, or a decree *pro confesso* on insufficient *service* of process, is not void, but only voidable, and can only be taken advantage of by appeal or writ of error.

*Green, Tucker & Pickens,* for appellees.

The decree which was set aside by the probate court was by default. The citation returned to the court upon which the judgment was rendered was irregular, and gave no legal notice to the defendant. The statute requires that it should be tested in the name of the probate judge—Revised Code, p. 429, art. 21.

This statute is peremptory. In the circuit and chancery court acts, the test of the process is abolished—not so in the probate court act. Hence, the want of notice; if so, the probate court had the right to disregard it at the next, or any succeeding term. Williams' exr., etc., v. Barker (decided at last term of this court, not yet reported).

This was not such a decree as a writ of error would lie from. It is not a final, but an interlocutory decree. Dilworth v. Fooshee et al., 34 Miss., 288; 24 Miss., 256.

Simrall, J.:

B. L. Owen, as the guardian of Mrs. Wiggle, made his final settlement in the probate court of Itawamba county. Afterwards Wiggle and wife filed a bill of review in the same court, seeking to surcharge, falsify and vacate this settlement and the decree thereon. The bill was taken for confessed, and at the April term, A. D. 1869, a final decree was ren-

dered—opening the decree made on the final account at the August term, 1866, and adjudging B. L. Owen to be indebted to his ward a balance of $941 71, for which execution might issue. The complainants, Wiggle and wife, in open court, remitted all of this sum except $341 71. At the May term, 1869, B. L. Owen, guardian, appeared and moved the court, for sundry reasons, to set aside the *pro confesso*, and final decree entered at a former term.

This motion was sustained, and the *pro confesso*, and the final decree set aside, and ten days' time given to Owen to plead, answer, or demur to the bill of complaint or petition. On the 28th of May, a demurrer was filed to the bill or petition, assigning several special causes. No action was had by the court on the demurrer. But, on the 28th of June, A. D. 1869, Wiggle and wife filed with the clerk of the probate court, a petition of appeal, complaining of the judgment of the court in sustaining the motion of Owen, setting aside the *pro confesso* and the final decree on their bill of review. The appeal was granted, bond executed, and the case was brought to this court.

From this statement of the facts in the record, it will at once be apparent that we have no jurisdiction of the appeal.

Art. 28, p. 430, Code, allows appeal on petition to the clerk, from any " final judgment or decree of the probate court, at any time within three years after passing such judgment or decree." Under the act of 1837, a writ of error may be prosecuted to bring up a final decree of the probate court.

There is no statute allowing appeals from interlocutory orders of the probate court as there are from the chancery court. The order appealed from, is not a final decree. The case will not be in condition to be reviewed in this court until a final disposition has been made of it by the probate court. In this view of the record, whatever opinion we might pronounce on the action of the probate court in opening a final decree, on motion, at a subsequent term to that at which it was passed, would be extra-judicial.

Let the appeal be Dismissed for want of jurisdiction.