G. WIGGLE et ux. *v.* ARABELLA OWEN, Admx.

1. GUARDIAN AND WARD — MAINTENANCE AND EDUCATION OF WARD — LIABILITY OF THE GUARDIAN WHO ENCROACHES ON THE PRINCIPAL OF THE WARD'S ESTATE. — It is competent for the probate court to fix the amount to be expended in the maintenance and education of a ward, and to say how far the principal shall be encroached upon; but, if the guardian, without order of the court, exceed the income of his ward's estate, he does so at his peril.

2. STATUTE OF LIMITATIONS — UNTIL WHEN SUSPENDED DURING THE WAR. — The statute of limitations of two years did not begin to run in Mississippi until April 2d, 1867, one year after the close of the war.

2. PROBATE COURT — PRACTICE — EFFECT OF FINAL DECREE AFTER THE TERM HAS ELAPSED. — After the term has elapsed, the power of the probate court over final decrees rendered at that term' ceases.

4. SUPREME COURT — PRACTICE — NEW QUESTIONS. — A question as to the want of a seal on a citation, not made in the court below, cannot be raised in this court.

APPEAL from the chancery court of Itawamba county. WHITFIELD, J.

The facts appear in the opinion of the court.

Assignment of errors :

1st. The probate court erred by its action at the May term thereof, 1869, in setting aside and vacating the final decree of the said court made at the April term, 1869, previous. 2d. The chancery court erred in sustaining defendant's demurrer to complainants' bill. 3d. The said court erred in dismissing complainants' bill on sustaining the demurrer to the said bill.

*Clayton & Clayton*, for appellants,

On first assignment of error, cited Lagory v. Bayless, 13

Smedes & Marsh. 153; Hardy v. Gholson, 26 Miss. 70; McComb v. Ellett, 8 Smedes & Marsh. 519. On second assignment, cited Austin v. Lamar, 23 Miss. 189; Story's Eq. Pl., § 407; Brown v. Mullins, 24 Miss. 204; Frelick v. Turner, 26 ib. 393; Gilbert v. McEachen, 38 ib. 469.

*J. A. Green,* and *Robbins & Allen,* for appellee.

SIMRALL, J. :

This case was formerly in this court on appeal from an interlocutory order setting aside the decree of the probate court, but was dismissed for want of jurisdiction. It is reported in 43 Miss. 158. Wiggle and wife, the appellants, exhibited a bill of review against T. Owen, who was the guardian of Mrs. Wiggle, complaining of the final settlement of his accounts, and seeking to surcharge and falsify the same for a restatement and decree for a proper balance. At the April term, 1869, a decree *pro confesso* was taken against Owen. Thereupon the court proceeded to purge the accounts and ascertain the true balance, and made a decree against Owen for $941 71, all of which was remitted except $———. At the succeeding May term, Owen appeared and moved the court to set aside this decree, and permit him to make defense. His motion was granted. Thereupon he demurred to the bill, assigning many special causes. At the hearing, the demurrer was sustained and the bill dismissed. The case is brought here by appeal. The numerous assignments in the demurrer may be reduced to two.

1. Is there matter of substance stated in the bill constituting a right to the relief? The allegations are, that the ward's estate consisted of $941 71 in cash; this was its capital; and that Owen, the guardian, without the order and license of the probate court in his expenditures, encroached upon the capital $266 22, for which, in the statement sought to be vacated, he had received credit. This is set forth as erroneous, and relief asked against it. The settlement is exhibited which shows the fact to be so.

In construing the statute upon the subject, it has been repeatedly adjudged that, for expenditures on account of maintenance and education, the guardian cannot exceed the income of the ward's estate. If he does so, it is at his peril. It is the province of the court to fix the amount to be expended, and to declare, by its order, whether or not, and to what extent, the capital may be used. 24 Miss. 204; 26 ib. 469 ; Frelick v. Turner, 38 ib. 469.' The latter case affirms explicitly, that, in order to justify the excessive outlay, a previous order of the court must be obtained, otherwise the credit will not be allowed. There was merit, then, in the bill.

2. Was it barred by the statute of two years? Time did not begin to run until April 2d, 1867, one year after the close of the war ; the previous time from the date of the decree being included in the suspension of the statutes of limitations. Suit was brought January, 1869. · The two years had not expired.

But it is assigned for error that the court was incompetent to set aside the decree of April, 1869, at the May term thereafter, because, after the adjournment of the term, the court loses control over all final decrees. They then become final and conclusive, the distinction being between interlocutory and final decrees.

Lagory v. Bayless et al., 13 Smedes & Marsh. 153, was a chancery case. A final decree rendered at a previous term was set aside ; this was error, because, after the term had elapsed, the power of the court over final decrees rendered at that term ceases. The only further remedy is by bill of review, or appeal or writ of error.

This principle applies to and embraces the probate court. Hardy v. Gholson, 26 Miss. 72. Indeed, any other doctrine applied to the chancery, the circuit and the probate courts would overturn settled practice. It could not be predicated of a judgment or decree, when it became final. After the expiration of the term and adjournment of the court, the decree became final and conclusive, and could only be

brought into question by writ of error or appeal, a bill of review, or by original bill in chancery for fraud in obtaining it. It follows then that it was incompetent for the court, at the May term, to set aside on motion the final decree pronounced at the previous term, and as a sequence permission could not be granted to Owen to plead, answer or demur to the bill of review.

The decree dismissing the bill will be reversed, the order opening the decree of April, 1869, held for naught and cause remanded that the appellant may take the benefit of the decree at April term, 1869.

NOTE. — Counsel in their briefs discussed the effect of the absence of the seal of the court on the citation. That question was not made in the court below, it does not arise on the record, and the court declined to consider it.