### VANDYKE and others, Adm'rs &c., vs. WEIL and others.

After an order made in an action, sustaining a demurrer to the complaint, the parties stipulated that the defendants have leave to tax their costs at a specified sum, and that judgment in favor of the defendants for that sum be entered by the clerk without further notice. The plaintiff's attorney filed an affidavit in this court that the sole object of the stipulation on his part was to expedite the entry of judgment, in order that he might take an appeal from it, and that he believed that such was the understanding of the defendant's attorney of record, with whom the stipulation was entered into. *Held,* that the stipulation merely fixed the amount of costs and waived notice of the taxation of costs and entry of judgment, and was not a waiver of the plaintiff's right to appeal from the judgment.

An undertaking upon appeal must be construed in accordance with the intention of the statute under which it was made, giving to it and to the statute a fair and liberal interpretation to attain the end in view.

Where the appeal is taken by two persons, and the condition of the undertaking is that if the judgment is affirmed the appellants will pay, &c., the legal effect is the same as if the words of the condition had been joint and several, or as if separate undertakings had been given for each.

The intention of the legislature in providing for an undertaking upon an appeal was to secure some benefit to the respondent, in case the judgment was affirmed *in any part,* or as to *any one* of the appellants.

A judgment in foreclosure contained a provision for the payment of any deficiency by the mortgagor *and his wife.* On an appeal by both mortgagor and wife, the condition of the undertaking was, that during the possession of the property by the appellants, *they* would not commit waste, and that if the judgment was affirmed *they* would pay, &c. The judgment was reversed so far as it declared the wife liable for the deficiency, and affirmed in all other respects. *Held,* that the sureties in the undertaking were bound.

APPEAL from the Circuit Court for *Washington* County.

This was an action founded upon an undertaking on appeal. The plaintiff's intestate, in 1859, obtained in the circuit court for Milwaukee county, a judgment against *Baruch S. Wiel,*

*Eliza Adelaide Wiel*, his wife,. and others, foreclosing a mortgage and directing a sale of the mortgaged premises, and also that said *Baruch S.* and *Eliza A. Weil* should pay the amount of any deficiency in the proceeds of the sale. The defendants last named appealed from this judgment; and thereupon the defendants in this action, to wit, *Baruch S. Weil*, as principal, and *Schleisinger* and *Pick* as sureties, executed an undertaking by which, after reciting the pendency of such appeal, they undertake "that during the possession of said property by the appellants, they will not commit or suffer to be committed any waste thereon, and that if the judgment be affirmed they will pay the value of the use and occupation of the property from the time of appeal until the delivery of the possession thereof, pursuant to said judgment, not exceeding the sum of $1000, and the deficiency arising on the sale thereof pursuant to said judgment, and that the appellants will also pay all costs and damages which may be awarded against them on the appeal, not exceeding two hundred and fifty dollars." The judgment having been reversed in so far as it directed payment of the deficiency by *Mrs. Weil*, but affirmed in all other respects (12 Wis., 664), the sheriff sold the property and reported a deficiency of about $10,000; and the court confirmed the report and sale, and rendered judgment against *Baruch S. Weil* for the deficiency.

The complainant in his action, after alleging the above facts, and also that *Baruch S. Weil* had had the use and occupation of the mortgaged premises for one year during the pendency of the appeal, and that the same was worth $1000, demanded judgment against the defendants for that amount and for the deficiency above stated, with interest. A demurrer to the complaint as not stating a cause of action, was sustained by the circuit court. Afterwards the attorneys for the parties stipulated that the costs might be taxed at a specified sum in favor of the defendants, and that judgment in their favor might be

entered without further notice. Judgment having been entered accordingly, the plaintiffs appealed therefrom.

A motion was made in this court to dismiss the appeal, on the ground that, the judgment having been entered in pursuance of a stipulation, the appeal did not lie. The attorney for the plaintiff thereupon filed an affidavit stating, in substance, that the sole object of the stipulation on his part was to expedite the entry of judgment, in order that he might take an appeal from it, and that he believed that such was the understanding of the attorney of record for the defendants, with whom the stipulation was entered into. The motion was denied.

*G. P. Stillman* and *Wm. F. Vilas*, for appellants, cited R. S. ch. 139, secs. 7, 15, 19; *Carroll v. McGee*, 3 Iredell (Law), 13; *Harrison v. Bank of Kentucky*, 3 J. J. Marsh., 375; *Butterworth v. Brown*, 7 Yerg., 467.; *Dolby v. Jones,* 2 Dev., 109; *Richards v. Walton*, 12 Johns., 434; *Brown v. Conner*, 10 Iredell (Law), 75; *Seacord v. Morgan*, 17 How. Pr. R., 394.

*Martin & Hofer*, for respondents:

Contracts of surety and guaranty must be construed strictly and literally, because the grantor has a right to stand upon the very terms of his agreement. Story on Contracts, § § 866 et seq.; 9 Wheat., 680; 8 Wend., 512; 10 Johns., 180; 2 Caines' Cas., 1; 1 Met., 39; 4 Wash. C. C., 414. 2. To bind the guarantors in this case, the guarantee must have used all means in his power to compel payment from the principal; and in an action upon the guaranty he is bound to show that he has done his duty in this respect, or that it was useless on account of insolvency or otherwise. Story on Contracts, § 874; 19 Wend., 494; 18 Vt., 32.

*By the Court*, DIXON, C. J. The stipulation for judgment is not a waiver of the plaintiff's right to appeal. The object of the stipulation manifestly was to fix the amount of costs and to waive notice of the taxation and entry, and it would be

most unjust to extend it by implication so as to cut off any other right or privilege.

As to the undertaking, we think it would be deviating from the statute and violating the plain purpose of the legislature, to hold the sureties discharged in a case like this. Joint appeals and joint undertakings on the part of two or more plaintiffs or defendants are authorized by statute. Such has been the constant practice, and it has never been questioned by the profession. A strictly literal construction of the language of the undertaking in such cases, would defeat the main object of the law in requiring it to be given. In very few cases, where the words of the statute had been pursued, could a recovery be had upon the undertaking, if the makers thought proper to object. The intention of the legislature clearly was to make the undertaking effectual, to secure some benefit to the respondent, in case the judgment was affirmed in any part, or as to any of the appellants; and to attain that object a liberal interpretation is allowable. Such is the language of the authorities, and, no doubt, the correct rule of law. We are to construe the undertaking in conformity to the intention of the act under which it was made, and with reference to which the makers must be supposed to have executed and delivered it, giving to both a fair and liberal interpretation to attain the end in view. If it be conceded, then, that it was a joint appeal and undertaking on the part of *Mr.* and *Mrs. Weil*, still the sureties are bound—bound for *Mr. Weil* individually, as they would have been for both, had judgment against both been affirmed. In legal effect it is the same as if the words of the condition had been joint and several, or as if separate undertakings had been given for each.

The judgment of the circuit court must, therefore, be reversed, and the cause remanded for further proceedings according to law.

NOTE.—On a motion for a rehearing, the counsel for the respondents argued that the condition of the undertaking was that the judgment appealed from should be

*affirmed;* that the judgment in this case was not affirmed but *modified* (comp. R. S., ch. 139, sec. 7); and that it is only in the case of an undertaking given under sec. 16 of said ch. 139, that the parties executing it are bound if *any part* of the judgment is affirmed. Counsel also cited as to the strict construction of contracts of suretyship, Cro. Jac., 45; Yelv., 52; *Hassell v. Long,* 2 M. & Sel., 363; *Peppin v. Cooper,* 2 B. & Ald., 431; *Sansom v. Bell,* 3 Campb., 39; *African Co. v. Mason,* 1 Stra., 227; *Payler v. Homersham,* 4 M. & Sel., 423; Burge on Suretyship, 40; *Evans v. Whyle,* 5 Bing., 485; *Drummond v. Husson,* 4 Kern., 60.—The motion was denied.—REP.