## Peter C. Andre v. Frank Fitzhugh et al.

*Attachment suit: Discontinuance: Sureties on bond: Parties.* An attachment suit was commenced against three defendants. To prevent the removal of the property attached, the usual statutory bond was executed. On the trial, the plaintiff, under Rule 71, discontinued as to two of the defendants, and proceeded against the third, and obtained judgment.

ANDRE v. FITZHUGH ET AL.

In a suit subsequently commenced upon the bond, defendants objected to a recovery on the ground that the discontinuance as to the two defendants released the sureties on the bond.

*Held*, that the bond given by the sureties must be considered as tacitly referring to the suit as *then* constituted in respect to parties, and not as it might *afterwards* be modified by the plaintiff.

Such a change of parties, as made in this case, would not only transform the cause of action from a joint to an individual one, but would necessarily alter the operation of the contract of the sureties, and without their consent.

*Heard April 6.    Decided April 13.*

Case made from Bay Circuit.

This was an action of debt brought by the plaintiff upon a certain bond executed by the defendants to the sheriff of said county, to prevent the removal of certain goods seized under attachment proceedings against William A. Cook, Charles M. Smith, and George H. Rozet.

The declaration set forth the attachment proceedings, the execution of the bond, and the judgment. The defendants pleaded the general issue, and gave notice that they should insist that the discontinuances as to two of the defendants operated as a discharge of the sureties, and that the property so attached, was the property of the defendants as to whom the suit was discontinued, and that Rozet had no interest in the property attached.

On the trial of the attachment suit, plaintiff discontinued as to two of the defendants in attachment, and obtained judgment for the whole amount, against the remaining defendant, Rozet.

In the suit on the bond, the defendants claimed that the discontinuance as to two of the defendants in attachment operated as a discharge of the sureties' liability.

They also offered to show that George H. Rozet had no interest in the property attached, but which the court refused.

On submission of the case, the court found for the plaintiff, and rendered a judgment for the full amount claimed upon the bond ( $5,240 02).

ANDRE v. FITZHUGH ET AL.

*Wm. H. Sweet,* for plaintiff.

1. The discontinuance as against Smith and Clark, and proceedings against Rozet alone, were authorized by Rule 70, *Circuit Court Rules,* and the correctness of such practice is confirmed by *7th Mich. 380 ; 9th Id. 3 ; Comp. Laws,* § *3390; 3 Mich. 261 ; 9 Id. 529; 82 Eng. Com. Law, 851.*

2. Such discontinuance did not discharge the defendants from their liability under the bond. The obligation is to "pay any judgment which may be recovered by the said Peter C. Andre, in the suit commenced by the said writ of attachment," &c.

A judgment was recovered in said suit, and defendants are therefore bound by their obligation to pay such judgment.

3. It is no objection to the practice provided for by rule 70, that this rule of court was not in force when the attachment statute was enacted. The Supreme Court have ample power to make rules regulating the practice of the courts, and no rights are affected by the application of the rule in this case. The rule in question does not affect or change the attachment law; and neither by intendment nor implication can the discontinuance as against one or more defendants, be construed, under the laws, to take away the right a plaintiff may acquire as against the remaining defendants under the attachment.

*Grier & Macdonald,* for defendants.

1. The declaration alleges that the Sheriff, by virtue of said attachment, "seized certain property of the defendants in said writ named." The plea alleges the property to have been that of the parties against whom the action was discontinued. On the trial, defendants offered to prove that fact, but were not allowed to do so. To which they alleged exceptions.

The bond was conditioned for "the payment of any

judgment which may be recovered by the plaintiff in the suit commenced by such attachment."

We claim that this was such an alteration or change in the action, that would have dissolved the attachment, had no bond been given, and which released the bond.

It is a general principle that after an attachment or holding to bail, the plaintiff cannot alter his writ to the injury of a subsequent attaching creditor, or bail.— *Willis v. Crooker, 1 Pick. 204; Putnam v. Hall, 3 Id. 445 ; Fairfield v. Baldwin, 12 Id. 388 ; Langly v. Adams, 40 Maine, 125 ; Moulton v. Chapin, 28 Id. 505; Peck v. Sill, 3 Conn. 158 ; Denny v. Ward, 3 Pick. 199 ; Donelson v. Andrews, 1 Id. 156 ; Clark v. Foxcroft, 7 Greenl. 348 ; Fairbanks v. Stanly, 7 Shep. 296 ; Clough v. Monroe, 34 N. H. 381; Bradhurst v. Erwin, 8 Ired. 495 ; Smith v. Shaw, 8 Id. 233.*

When it does not appear from the record that the amendments are for the same cause of action as the original declaration, the burden of proof rests upon the party seeking to establish that they are for the same cause of action.— *Austin v. Burlington, 34 Vt. 506.*

And such bonds, as the one given in this case, are in effect merely special bail, and governed by similar rules.— *Drake on Attachment, 312 ; Garrett v. Tinnin, 7 How. ( Miss.) 465.*

Amending a declaration by adding a count upon a cause of action which could not be given in evidence upon the original declaration, or amending a defect existing at the time of entering bail, and which would have defeated the plaintiff's action, but for such amendment, will discharge the bail.— *Carrington v. Ford, 4 Cranch. C. Ct. 231; Hyer v. Smith, 3 Id. 437 ; Payen v. Hogson, 1 Id. 508 ; 1 Abbott's Nat. Dig. 79, 227.*

In an action of assumpsit, if another person be made a co-plaintiff or co-defendant by amendment of the writ, by leave of court, the attachment of property is thereby dissolved. — *Moulton v. Chapin, 28 Maine, 505 ; Fullerton v.*

*Campbell, 25 Penn. State R. 345 ; Denny v. Ward, 3 Pick. 199; Vincent v. People, 25 Ill. 500.*

A debt due from all of the defendants jointly, has no identity with a debt due from one of them only, and a discontinuance, by leave of court, as to one of them is another suit, and discharges the attachment.—*Peck v. Sill, 3 Conn. 158.*

Discontinuing, as to the other defendants, was a material alteration in the contract of the obligors in the bond, into which they originally entered, and by which their liability was changed. They had a right to insist on the terms of their contract as originally made, and it was not competent for other parties, without their consent, to increase their liability. By so doing, they destroyed its validity.— *Langly v. Adams, 40 Maine, 125 ; Bean v. Parker, 17 Mass. 602.*

And it must be remembered that, until sued in this case, the defendants have had no day in court. They have never before had an opportunity to object to the discontinuance as to Smith and Cook. And it is against every principle of judicial action to allow such an amendment to be made without notice to the sureties. — *Montgomery v. Henry, 10 Mich. 19.*

The true meaning and effect of the condition of this bond, upon a just construction of the terms in which it is expressed, and in reference to the object and purpose for which it was made, is to bind the obligors to pay to the plaintiff whatever sum he should recover against the defendants in that action. No recovery has been had against them, and consequently the plaintiff can have no claim against the present defendants for the non-performance of their contract. They never took upon themselves any obligation to pay any judgment that might be rendered against any one of the defendants. — *Tucker v. White, 5 Allen, 322.*

These rules allowing the discontinuance as to defendants are in derogation of the common law, and should receive a strict construction in such cases as this.

The defendants were not parties to the suit in which the amendment was made, and Smith and Cook were no longer parties, upon the amendment being made. Rozet was then the sole defendant, and by rule, the action proceeded as though commenced against him alone. And the effect of amendments must be confined to the parties to the suit.— *Emerson v. Upton, 9 Pick. 167 ; Wight v. Hale, 2 Cush. 492.*

The rule authorizing a plaintiff to discontinue against one or more defendants, was not designed to change any legal rights, but merely to enable a plaintiff who had sued more parties than he could recover against, to amend his case by declaring against his real debtors.— *Winslow v. Herrick, 9 Mich. 380.*

Now what were the legal rights of the obligors in this bond as secured by the statute under which it was given ? The statute under which it was given, was enacted and became a law by the revision of the statutes in 1846. And those sections providing for the bond, have remained unchanged up to the present time. When this statute became a law, the Supreme Court had no power to make rules authorizing the discontinuing of cases as to one or more defendants, or the addition of new defendants; but that power was given by the Session Laws of 1851. The Supreme Court, in pursuance of that statute, in 1853 framed the rules which now exist on that subject.— *Revised Stat. of 1846, 415, 351; Session Laws of 1851, 109.*

Whatever would discharge the bond under the statute when it became a law, will have that effect now; there being no statute or rule of law providing to the contrary, or continuing the bond in force.

After the discontinuing as to Smith and Cook, it was no longer the same case. If it was the same case within the meaning of the statute, because the discontinuance was authorized by the rules of court, then had the plaintiff brought in new defendants, it would still have been the

same case, for that course is equally authorized by the rules, and the obligors in the bond would be bound to pay any judgment rendered therein, in favor of the plaintiff. Such a result would be rank injustice; but if plaintiff's view of the law is correct, the conclusion is inevitable.

GRAVES J.

In 1865, the plaintiff commenced a suit by attachment in the Circuit Court for the county of Bay, against William A. Cook, Charles M. Smith and George H. Rozet; and the sheriff levied the writ upon a large amount of personal property in the hands of one Charles Orton. In order to prevent the removal of such property, Orton caused to be executed and delivered to the sheriff, a bond as prescribed by the statute, *Comp. Laws, §§4754, 4755,* with the condition, that if the obligors should well and truly pay any judgment which might be recovered by the said Peter C. Andre, in the suit commenced by the writ of attachment, within sixty days after the judgment should be recovered, that then the obligation should be void, but otherwise of force. The present defendants were the makers of that bond. Upon the trial of the suit commenced by the attachment, the plaintiff, by permission of the court, under rule seventy-one of the Circuit Court, discontinued as to the defendants William A. Cook and Charles M. Smith, and proceeded against the defendant Rozet, against whom he recovered judgment for $4,692 61 damages, and $45.32, costs.

The bond given to the sheriff was subsequently assigned to the plaintiff by whom this suit was brought against the present defendants as makers of that bond, and the breach relied on consisted in the non-payment of the judgment in attachment against Rozet alone. In this action upon the bond, the defendants took the position that the discontinuance by the plaintiff, as to the two defendants, Cook and Smith, discharged the makers of the bond from their lia-

bility, or at all events precluded the plaintiff from charging them beyond the value of the interest of Rozet in the property released.

The court below being of opinion however, that the statute gave the plaintiff the right to demand · judgment upon the bond for the full value of the attached property, notwithstanding the discontinuance as to Cook and Smith, and without regard to the value of Rozet's interest in that property, refused permission to the defendants to show that Rozet was not the owner of any of the attached property, and awarded judgment against the defendants for the whole amount of the judgment in the attachment suit, with interest.

That the statute under which the bond was given, if applied according to the literal import of the language, may be thought to support the view taken by the Circuit Court is very probable, but we think that a just interpretation of that statute must necessitate a different result.

We are led to this conclusion, by considering the object of the statute, the nature of the contract evidenced by the bond, and its connection with the proceeding to which it belongs, and also the serious consequences which a contrary judgment would allow, and which therefore we are not to suppose the legislature intended.

The bond to be given by the defendant or person found in possession of the goods is to be executed by sureties. When executed, it must be considered as tacitly referring to the suit as then constituted in respect to parties, and not as it should possibly be thereafter constituted at the instance of the plaintiff to avoid defeat. The sureties, on entering into the contract, measure the risk they incur by the chances which the plaintiff has to recover against the defendants in the writ, and the ability of the latter in case of defeat to respond to the plaintiff or the sureties themselves, if called on. As the writ only issues against the particular defendants, after a showing upon oath by the plaintiff or some one in his behalf, that the defendants named

are indebted to him, it cannot be presumed that the sureties suppose themselves to engage to abide a discontinuance by such plaintiff as to part of the defendants, and still remain liable.

Any such change of parties, however, as that made by the plaintiff in this case, would not only transform the prosecuted cause of action from a joint to an individual one, but would necessarily alter the operation of the contract of the sureties, and without their consent.

It would allow the plaintiff to recover, when, but for the discontinuance, he would be defeated; and, therefore, upon the theory of the plaintiff, would fix a liability upon the sureties which could not otherwise exist.

It would also have the effect to compel the sureties to look for indemnity to such defendant, or defendants, as should be left in the case at judgment, instead of the whole number of defendants named in the writ at the giving of the bond; and it might well happen that in the responsibility of the latter, the sureties would know themselves to be safe, while in that of the former they would know themselves to be without remedy.

It is believed that these considerations are sufficient to show that the construction contended for by the plaintiff is untenable, and that the judgment of the Circuit Court ought not to be supported.

The judgment must be reversed, with the costs of both courts.

The other Justices concurred.