### V. L. TYLER, TRUSTEE, *v.* ISAAC DAVIS ET AL.

REPLEVIN. *Forthcoming bond by two defendants. Dismissal as to one. Effect as to sureties.*

> T. brought an action of replevin against D. and wife. The defendants entered into a joint bond with sureties for the forthcoming of the property in controversy to answer such judgment as might be rendered in the cause. On the trial T. dismissed his action against the wife, and proceeded to judgment against D. alone. The court refused to enter judgment against the sureties on the joint bond of D. and wife. *Held,* that the action of the court was correct. The contract of such sureties was to respond to any judgment which might be rendered in a suit in which D. and wife were both parties. The suit in which the above judgment was rendered does not come within the conditions of the bond.

APPEAL from the Circuit Court of Lincoln County.

HON. J. B. CHRISMAN, Judge.

A statement of the case will be found in the opinion of the court.

*A. C. McNair,* for the appellant.

There is but one question in this case, and that is, is the action of the court in refusing to render judgment against the sureties on the replevin bond correct?

We claim that the action of the court in this behalf was error, and that judgment should have been rendered on the bond against the sureties.

The fact that there was but one bond given by Davis and his wife and signed by the sureties will not have the effect to defeat a recovery against the sureties. It was the bond of each of the defendants, such is its legal effect, as much so as if there had been a separate bond executed by each of them. A proper construction of § 1134, Code of 1880, makes the bond in its legal effect the separate bond of each defendant. See 25 Miss. 535.

The Supreme Court of Pennsylvania decided that the discharge of one of two *joint* guardians by the orphans' court does not have the effect of releasing the sureties on their official bond, and say "that the possibility that one of the guardians may be discharged by due course of law, leaving the duties of the office to be per-

formed by the other, is a part of the contract of the surety."
*Hocker* v. *Wood's Executor*, 33 Penn. St. 466.

By the execution of the bond the sureties enabled the defendant,
Davis, to retain possession of the property, the most valuable of
which was consumable by its use, and they are estopped to set up
their discharges. *Magruder* v. *Marshall*, 1 Blackf. 333; *Warner*
v. *Mathews*, 18 Ill. 83; *McDermott* v. *Isbell*, 4 Cal. 113; Wells
on Replevin, § 446.

No counsel for the appellees.

COOPER, C. J., delivered the opinion of the court.

The appellant sued out a writ of replevin against Davis and
wife, who entered into a joint bond with sureties for the forth-
coming of the property to answer such judgment as should be
awarded in the cause on the trial. The plaintiff dismissed his
action as to the wife and proceeded to judgment against the hus-
band only. When judgment was about to be entered on the bond,
objection was made for the sureties that they were not liable to
judgment, since the plaintiff had dismissed one of the defendants
from the suit. The court refused to enter judgment against the
sureties, and from that action this appeal is taken.

We approve the action of the court below. The sureties were
entitled to the protection which was afforded them by the fact that
Mrs. Davis was a party to the suit, and presumably contending
that she, and not the plaintiff, was entitled to the property in con-
troversy. By his own act the plaintiff thrust Mrs. Davis from the
suit. She had no right to insist that the suit should be continued
as to her against the wishes of the plaintiff, and since the effect of
dismissing as to her was to relieve her of liability on the bond as
principal, it follows as a consequence that the sureties are also dis-
charged. The contract of the sureties was to respond to any judg-
ment which might be entered in the suit to which Mrs. Davis and
her husband were parties. They were connected with the suit by
their connection with both parties as principals on the bond, and
though a judgment has been entered against Davis, there has been
none against Mrs. Davis nor any in any suit to which she is a party
within the condition of the bond.          *Judgment affirmed.*