LEWIS, LEONARD & COMPANY *v.* MAULDEN.

The general rule is that co-principals in a bond are sureties for each other. On an appeal bond executed by three persons as principals and one as security, judgment may be entered by the creditor against all three of the principals, notwithstanding the verdict finds against one of the principals only. The two principals against whom the appellant failed to recover having joined in an appeal bond with a co-principal in that bond against whom there was a recovery in the action, they stood in the relation of sureties for him, and as such were liable for the condemnation money according to the terms of the bond and the provisions of the statute applicable thereto. The security for all the principals being dead when the judgment was entered on the bond, failure to include him in the judgment is legally accounted for.

April 30, 1894. Argued at the last term.

Affidavit of illegality. Before Judge FISH. Pulaski superior court. May term, 1893.

W. L. GRICE, for plaintiffs.

J. H. MARTIN, for defendant.

SIMMONS, Justice.

Lewis, Leonard & Co. sued R. S. Maulden, G. W. Brown and M. E. McKinney in the county court, on a promissory note, all the defendants being sued as principals. They filed a plea setting up usury in the note, and Maulden and McKinney pleaded that they were merely sureties on the note and were discharged because of the usury therein. The judge of the county court rendered judgment against Brown as principal, and Maulden and McKinney as sureties. All the defendants appealed the case to the superior court, giving one King as security on the appeal bond. On the trial of the case in the latter court, the jury rendered a verdict

against Brown, and found in favor of Maulden and McKinney. On this verdict the plaintiffs entered judgment in their favor against Brown, and also against Maulden and McKinney as sureties for Brown on the appeal bond. The judgment recited that King, the surety on the appeal bond, was dead, and twelve months had not expired since his death. Execution was issued upon this judgment and levied on the property of Maulden, and he filed an affidavit of illegality upon the ground that the judgment entered against him and McKinney as sureties on the appeal bond was illegal and void, and unsupported by any verdict, and that the verdict of the jury had relieved them from all liability in the premises. The case was submitted to the judge for determination without a jury, upon the facts above recited; he sustained the illegality, and the plaintiffs excepted.

We think the court erred in sustaining the illegality. Although the verdict of the jury in the superior court relieved Maulden and McKinney from liability as sureties on the note, it did not relieve them of their liability on the bond which they had entered into jointly with Brown in order to take the case from the county court to the superior court. Their defence was different from that of Brown, and they could have entered a separate appeal, but they elected to join in the same appeal and bond with Brown. The general rule is that co-principals in a bond are sureties for each other (1 Brandt on Suretyship, §38); and we see no reason why this rule should not apply to an appeal bond. According to the express terms of the bond and the provisions of the statute applicable thereto (Code, §3616), the obligor in such a bond is liable for the eventual condemnation money; and the eventual condemnation money, in this case, was the amount of the final judgment against Brown. If Maulden and McKinney have to pay this,

they will of course be entitled to be subrogated to all the rights of the plaintiff in the judgment against Brown.

It appearing from the judgment on the appeal bond that King, who signed the bond as security, was dead, and that twelve months had not expired from his death, failure to include him or his administrator in the judgment was legally accounted for.   (Code, §2548.)

*Judgment reversed.*