| 55 | 113 |
|----|-----|
| 55 | 353 |

A. P. PILGER ET AL. V. MARDER, LUSE & COMPANY.

FILED MAY 19, 1898.   No. 8107.

1. Replevin: RES JUDICATA. In an action of replevin all who are parties are bound by the judgment.

12

2. ———: JUDGMENT. The judgment in a replevin suit may award a part of the property to each of two or more defendants.

3. ———: BOND: SURETIES. The obligation of the sureties in the undertaking, by virtue of which the plaintiff in replevin obtains possession of property taken under the writ, is to the party or parties obligees to whom the judgment on the issues accords a recovery.

4. ———: ———: ACTION: PARTIES. In replevin, where there are two or more defendants and the property has been taken under the writ and delivered to the plaintiff after execution by sureties of the prescribed undertaking, if, by the judgment, the entire property is awarded to one defendant, the rights thus accorded may be enforced in an action by such defendant alone, without a joinder of other parties named obligees in the undertaking.

ERROR from the district court of Madison county. Tried below before ROBINSON, J. *Affirmed.*

*Robertson & Wigton,* for plaintiffs in error.

*Powers & Hays, contra.*

HARRISON, C. J.

April 30, 1887, A. P. Pilger, P. Schwenk, and T. H. Egbert commenced an action of replevin in the district court of Madison county to recover possession of certain designated chattel property. The defendants in the suit were the firm of Norton, Sprecher & Bell, G. B. Van Voort, and the Norfolk Printing Company. The property was taken under the writ of replevin and on execution of an undertaking as prescribed by law was delivered to the plaintiffs. Issues were joined, a jury was waived, and as a result of a trial to the court judgment was entered for one of the defendants, the firm of Norton, Sprecher & Bell. The judgment and the interest of said partnership in the replevin undertaking were assigned to the defendants in error herein, who instituted the present action on the undertaking to recover of the sureties the value of the property, the damages and costs, which, by the judgment in the replevin action and subsequent proceedings, it was alleged had become due. The defend-

ants in error were successful in the suit, and for the sureties on the undertaking the present error proceeding has been prosecuted to this court. ·

It will doubtless be borne in mind that in the replevin action there were three defendants and in the present suit there were involved the rights of but the one, the firm of Norton, Sprecher & Bell, by its assignees. It was insisted in the trial court, and it is urged here for the plaintiffs in error, that inasmuch as the bond was given in favor of three obligees they should all have been parties to this suit, and as there was but one, or the assignees of one, there was a fatal defect of parties. The obligation of the undertaking was as follows: "Now, therefore, we, Herman Gerecke, Charles Eble, and C. F. A. Marquardt, do undertake to the said Norton, Sprecher & Bell, G. B. Van Voort, and the Norfolk Printing Company, defendants in said action, in the penal sum of $3,550, that the said A. P. Pilger, P. Schwenk, and T. H. Egbert, plaintiffs, shall duly prosecute the action and pay all· costs and damages which may be awarded against them and shall return said property to the defendants in case a judgment for the return thereof is rendered against them." The journal entry of the finding and judgment in the replevin action was in the following terms: "And now on this 21st day of March, A. D. 1894, it still being of the regular March, 1894, term of the district court in and for Madison county, Nebraska, this cause came on for hearing to the court, a jury having been waived, and the cause was accordingly submitted to the court on the petition, the answer, and the evidence, and, after hearing the evidence and the arguments of counsel, the cause was submitted to the court, on ·consideration whereof the court finds that at the commencement of this action the defendants Norton, Sprecher & Bell were the owners and entitled to the possession of the following goods and chattels described in the petition and in the writ of replevin, to-wit:  *   *   *   It is therefore considered by the court that the defendant have a return of the ·prop-

erty taken on said writ of replevin and his damages, assessed at one thousand dollars ($1,000), or, in case a return of said property cannot be had, that he recover of said plaintiff the value thereof, assessed at fifteen hundred dollars ($1500), and interest thereon from this date, and costs of suit, taxed at $80.25." The nature of the suit in which an undertaking is given, and the relief which may be afforded to the party or parties for whose benefit or security such bond is required, must determine the liabilities of the signers whether, relative to the obligees, the liabilities of the sureties are joint or may be several.

In an action of replevin in which there are two or more defendants each may recover a part of the property, or one may be adjudged the owner and entitled to the possession of all the property, and to have a return of it, or to recover its value, as was the result in the replevin suit on the undertaking and the judgment on which the present action was predicated. It is also true that all the parties to a case in replevin are bound by the adjudication of the rights involved and put in issue therein.

It seems the correct conclusion that the sureties of a replevin undertaking are liable to the party or parties to whom the final determination of the issue may accord a recovery, and under the prescription of section 29 of the Code of Civil Procedure, that "Every action must be prosecuted in the name of the real party in interest," the action on the undertaking must be by the party who, by the judgment in replevin, is awarded a recovery, and we must further conclude that as Norton, Sprecher & Bell recovered the judgment in the replevin cause and for the entire property in controversy, this action, to enforce their rights thereby acquired without a joinder of the other parties obligees to the undertaking who were awarded nothing and whose rights in the property involved in the writ were determined by such judgment, was entirely proper and correct. The judgment of the district court is

AFFIRMED.