## WATSON ET AL. *v.* BALYEAT.

[No. 11,855. Filed November 17, 1925. Rehearing denied April 6, 1926. Transfer denied November 15, 1929.]

282

*Eichhorn & Edris,* for appellants.
*L. L. Burris* and *Deahl & Deahl,* for appellee.

THOMPSON, J.—Two separate actions were tried and decided in the lower court in this proceeding. In the original action, the Wells County Bank of Bluffton, Indiana, filed suit against appellee, John W. Balyeat, as the maker, and against appellants Watson and Merriman, as the indorsers, of a promissory note in the principal sum of $1,000. Thereafter, appellee filed his cross-complaint against the Wells County Bank, appellants Watson and Merriman, and appellants Markley and Carnall, the latter being brought into the proceeding by the cross-complaint as defendants thereto. The cross-complaint, as originally filed, and upon which issues were joined and the evidence was heard, sought to recover damages from appellants on account of the alleged breach of a contract for the exchange of property entered into between appellee Balyeat and appellants

Watson and Merriman, and was the transaction in connection with which the note sued upon originally by the Wells County Bank was given. After the evidence was closed, the cross-complaint was amended, over the objection of the appellants, for the purpose of basing it on the theory that an escrow agreement had been violated by appellants Markley and Carnall, with whom the note sued upon and a similar note, executed by appellants Watson and Merriman to the appellee, had been placed, at the instance of appellants Watson and Merriman. This appeal is taken from the judgment rendered upon the cross-complaint.

In its original complaint, plaintiff sued appellee alone upon a promissory note. Later, an amended complaint was filed, making appellants Watson and Merriman, who were named as the payees in the note, and who had indorsed it to the plaintiff, parties to the action. Appellants Watson and Merriman defaulted, and issues were formed upon the amended complaint by appellee, who originally filed seven paragraphs of answer thereto. The second and sixth paragraphs of his answer were subsequently withdrawn. The first paragraph of an answer of appellee to the amended complaint was a general denial; the third paragraph plead a want of consideration for the execution of the note; the fourth paragraph plead a want of consideration and that the note was not delivered to the payees; the fifth paragraph alleged, in substance, that the plaintiff held the note for collection only, and that it was in fact the property of the appellee; and the seventh paragraph undertook to plead in detail the transaction in connection with which the note was executed, and alleged, among other things, that it had been placed in escrow pursuant to the terms of a contract which is set out in full in that paragraph, and that the note sued upon, together with a similar note executed by appellants Watson and Merriman to the

appellee was wrongfully and fraudulently delivered to said Watson and Merriman, and that the plaintiff took the note with full knowledge of the facts. The plaintiff, the Wells County Bank, filed a reply in one paragraph to the third, fourth, fifth and seventh paragraphs of answer. This formed the issue upon the amended complaint which was afterwards tried.

The other issue tried was formed upon the cross-complaint of appellee. The cross-complaint was originally in two paragraphs, the second of which was subsequently withdrawn. The plaintiff in the original action and appellee's codefendants in that action were made defendants to the cross-complaint, and, in addition to these, the appellants Markley and Carnall were also made defendants.

Appellee alleges, in substance, in his cross-complaint: That, at the time of the transaction involved, he was engaged in the real estate business in the city of Goshen, Indiana; that appellants Watson and Merriman were co-partners engaged in the real estate business in the city of Bluffton, Indiana, and that appellants Markley and Carnall were co-partners engaged in the abstract business in the city of Bluffton; that a written contract was entered into between appellee and appellants Watson and Merriman for a stock of merchandise, which contract was set out in full in said cross-complaint, and that, pursuant to the terms thereof, each of the parties executed a promissory note for the sum of $1,000, to be delivered to the other party "if default or failure to consummate the deal be made by either party hereto," as liquidated damages; that said notes, with a copy of the contract, were to be and were deposited in escrow in the office of appellants Markley and Carnall. Appellee further alleged in his cross-complaint that appellants Watson and Merriman thereafter fraudulently "padded" said stock of goods, and that, because thereof, he refused

to consummate the exchange of property, and notified appellants Markley and Carnall, who were holding said promissory note in escrow, not to surrender or deliver the same to appellants Watson and Merriman or either of them; that, notwithstanding said notice, and in violation of its terms, said Markley and Carnall did deliver said promissory note to appellants Watson and Merriman, who in turn negotiated it to the plaintiff, the Wells County Bank, and judgment was demanded for $2,000 against all of the appellants herein.

After motions to strike out the cross-complaint and demurrers thereto had been filed by appellants, they each answered the cross-complaint by answer in general denial. Plaintiff, the Wells County Bank, also filed its answer in general denial to the cross-complaint.

After trial by jury, a verdict was returned for the plaintiff upon its complaint and against appellee, John W. Balyeat, and Watson and Merriman, indorsers, in the sum of $1,256, and a verdict was also returned for appellee against appellants herein upon his cross-complaint for the sum of $2,000.

The court rendered judgment upon the verdict returned in favor of plaintiff against appellee, Balyeat, and appellants Watson and Merriman for $1,256 and costs of plaintiff's action. The court also rendered judgment upon the verdict returned in favor of appellee upon his cross-complaint as follows: "It is therefore ordered and adjudged by the court that said cross-complainant, John W. Balyeat do have and recover of and from the defendants to the cross-complaint—except the Wells County Bank—Lawrence E. Watson, Ingram A. Merriman, Gabriel Markley and John Carnall, the sum of $2,000."

Appellants filed separate motions for a new trial, which motions were overruled, and appellants excepted.

The only errors assigned for the reversal of this

cause which need be considered by us, are: First, The overruling of the motion for a new trial; and second, the overruling of the motion to strike out the cross-complaint. Appellants insist that the cross-complaint was not germane to the subject-matter of the complaint, either as it was originally filed or as it was amended after the close of the evidence.

A cross-complaint must in all cases be germane to the subject-matter of the original complaint; the relief sought must be connected with the matter involved in the principal action, or, in some way, dependent upon the contract or transaction upon which the original action was founded and must be connected with and germane to the matter put in litigation by the complaint. See *Hunter* v. *First Nat. Bank* (1909), 172 Ind. 62, 87 N. E. 734; *Wainwright* v. *P. H. & F. M. Roots Co.* (1912), 176 Ind. 682, 97 N. E. 8; *Buscher* v. *Volz* (1900), 25 Ind. App. 400, 58 N. E. 269; *Bradford* v. *McBride* (1911), 50 Ind. App. 624, 96 N. E. 508; *Heaton* v. *Lynch* (1894), 11 Ind. App. 408, 28 N. E. 224.

Upon the facts pleaded, we hold that the cross-complaint was not germane to the original action, and the motion to strike the cross-complaint from the files should have been sustained. Having reached this conclusion, the other alleged errors are of no controlling influence and need not be considered.

For the above-noted error, this cause is reversed, with directions to sustain the motion of appellants herein to strike said cross-complaint from the files, and to render judgment in favor of appellants.

Dausman, J., not participating.