LOUIS K. LIGGETT COMPANY *v.* MORRIS ET AL.

[No. 13,967.   Filed November 6, 1931.   Rehearing denied February
5, 1932.   Transfer denied April 28, 1933.]

*Maurice W. Grady* and *Gavin & Gavin,* for appellant.

*Saul I. Rabb, Richard L. Ewbank, Pickens, Davidson, Gause, Gilliom & Pickens, R. F. Davidson, Arthur L. Gilliom,* and *Howard P. Travis,* for appellees.

NEAL, C. J.—This was an action by appellee, Ike Morris, to recover on a replevin bond executed by Ike Binzer, the Louis K. Liggett Company, and the United States Fidelity and Guaranty Company. The United States Fidelity and Guaranty Company filed an answer in two paragraphs, one in general denial and the other pleading suretyship for the makers of the bond; also it filed a cross-complaint in three paragraphs against Binzer and the Louis K. Liggett Company: (1) alleging suretyship on the bond; and (2 and 3) demanding judgment against them for any sum of money which appellee might recover of the defendants, and which the Guaranty Company might be forced to pay, including attorney fees and bond premiums, on the ground that Binzer and the Liggett Company, in their application to the Guaranty Company for the replevin bond, had agreed to indemnify and save the Guaranty Company harmless from any and all loss and expense which might fall on the Guaranty Company because of having executed the bond. The motion of appellant, Liggett Company, to strike out the second and third paragraphs to this cross-complaint was overruled and an exception given. To the complaint, Liggett Company and Binzer filed answers in general denial, and Liggett Company filed additional paragraphs of answer alleging: (1) That Liggett Com-

pany executed the bond as surety for the Guaranty Company and Binzer; (2) that it executed the bond as co-surety of the Guaranty Company for Binzer; (3) that Liggett Company and Binzer tendered delivery of the property to appellee but he refused to accept it; (4) that the replevin judgment showed Liggett Company did not detain the goods, nor was the bond given by Liggett Company to assure appellee of the return of the goods; and (5) that the bond was given by Liggett Company to assure the plaintiff of the return of the property if the jury found it had detained the goods and if and when plaintiff was awarded judgment against Liggett Company, but that no such judgment had been rendered. Liggett Company filed answer in four paragraphs to the cross-complaint of Guaranty Company: (1) General denial; (2) suretyship of the Guaranty Company 'for Binzer alone and not the Liggett Company; (3) co-suretyship of the Guaranty Company and the Liggett Company for Binzer; and (4) suretyship on the part of Liggett Company for the Guaranty Company and Binzer. The issues were closed by replies of general denial.

The trial court, at the request of Liggett Company, made a special finding of facts and stated its conclusions of law thereon. The facts specially found are, in substance, as follows: That Liggett Company was the owner of a drug store in the city of Indianapolis, operating as a foreign corporation, and it desired to sell some fixtures, counters, etc., which were to be replaced with new ones; that on May 17, 1927, it entered into an agreement with Ike Binzer to sell to him the old fixtures, the same to be removed at the expense of Binzer as the new fixtures arrived; that, within a day or two thereafter, Binzer sold the fixtures to Ike Morris, who was informed by Liggett Company of the terms upon which they were sold to Binzer, which terms were agreed to by Morris; that Morris and Binzer advertised the goods for sale,

but were not able to find a purchaser at a price satisfactory to Morris, who thereupon demanded of Liggett Company immediate delivery of all the fixtures, and he was then informed that he could remove same according to the terms of the agreement; that Morris was later notified by Special Delivery letter that he could remove the fixtures commencing on the next day, and was told that, unless he did remove them, the goods would be placed in storage for him at his expense, all of which Morris did not do; that on May 27, 1927, Ike Morris commenced an action in replevin against Ike Binzer and Louis K. Liggett Company, and on the same day a writ of replevin was served on the defendants in the action; that, in order to retain possession of the goods named in the writ, Ike Binzer and Louis K. Liggett Company, as principals, and the United States Fidelity & Guaranty Company, as surety, executed a bond, which bond, omitting the caption, was as follows: "We undertake that the defendants shall safely keep the property taken under a writ of replevin in the above entitled cause; that the same shall not in any way be injured or damaged, and that they will deliver the same to the plaintiff if judgment should be rendered to that effect, and pay to the plaintiff all such sums of money as may be recovered against them in the above entitled cause for any cause whatever, and this bond is hereby made payable to the plaintiff. (Signed) Louis K. Liggett Company, By Harry Armstrong. Ike Binzer. United States Fidelity & Guaranty Company, Baltimore, Md., By Louis W. Witte, Attorney-in-fact;" that the bond was taken by the sheriff, who relinquished the levy of the goods under the writ, and left the same in the store of Liggett Company, who gave said bond in order to retain the goods in its store until the new fixtures arrived; that issues were joined in the replevin cause and a trial was had, which, after a dismissal of the second and third para-

graphs of plaintiff's complaint, resulted in the following verdict of the jury: "We, the jury find for the plaintiff and that he is entitled to the possession of the personal property in controversy; that the same is unlawfully detained by the defendant, Ike Binzer; that said property is of the value of $1,275, and we assess the plaintiff's damages for the detention of said property at the sum of $300," upon which verdict the court pronounced judgment as follows: "It is therefore considered, adjudged and decreed by the court that the plaintiff is the owner of and entitled to the immediate possession of the property described in the complaint, the same being unlawfully detained by the defendant, Ike Binzer, and that the value of which is $1,275, as found by the jury. It is further ordered and adjudged on failure of said defendant to deliver said goods to the plaintiff, that the plaintiff recover of and from said defendant, in lieu thereof their said value of $1,275, and that the plaintiff have and recover of and from the defendant, Ike Binzer, the sum of $300 damages, together with his costs herein expended and taxed at $................;" that this judgment remains in full force and effect, unreversed and unappealed from, and nothing has been paid to the plaintiff on account thereof; that the plaintiff has never made a demand since the rendition of this judgment for the delivery of the property, and the same has not been so delivered to him; that the property was placed in a storage warehouse and Ike Morris was notified where the same was placed, and the said property afterwards was sold for drayage and storage charges; that at the time of the execution of the bond, Ike Binzer and Liggett Company executed to the Guaranty Company an application for the bond and their agreement of indemnity which provided that the undersigned agreed to pay a premium of $25 in advance per year for the time the bond was in force, also to indemnify and save the Guar-

anty Company harmless from all costs of whatever kind or nature which the Guaranty Company for any cause might sustain by reason or in consequence of having executed the bond, and to pay to the Guaranty Company an attorney fee if any suit is brought on the bond; that an indemnity agreement of the same undertaking was signed by one Edward Traugott; that Binzer and Liggett Company were principals on the bond and the Guaranty Company was surety only; that, by the terms of the application and indemnity agreement, Ike Binzer and Louis K. Liggett Company are indebted to the Guaranty Company for $25 premium on the bond, which bond is in force, also for $100 attorney fee, which was necessary in defending this action; that by the terms of the agreement of indemnity the Guaranty Company is entitled, under the cross-complaint, to be indemnified and saved harmless in this action; that the total, including accrued interest, amounts to $1,693.12; that the costs in the action amounts to $27.30, and the same are unpaid; that all of the parties to this suit are the same and identical parties named in the replevin suit.

The court stated its conclusions of law Nos. 1-8, upon the special finding of facts, which are, in substance, as follows: (1) The law is with the plaintiff and against the defendants and each of them; (2) the law is with the cross-complainant and against the cross-defendant; (3) Ike Morris is entitled to recover on the bond of and from Ike Binzer, as principal, and from the United States Guaranty & Fidelity Company and Louis K. Liggett Company, as sureties, the sum of $1,720.42, with costs; (4) the Guaranty Company is entitled to recover upon its cross-complaint against Binzer and Liggett Company the sum of $25, premium on the bond, and $100 attorney fee, with costs; (5) the Guaranty Company is entitled to have the property of Ike Binzer exhausted before any recourse is had to the property of the Guaranty Com-

pany; (6) the Guaranty Company is entitled to recover of and from the Liggett Company and Ike Binzer a judgment in a sum equivalent to the amount that plaintiff is entitled to recover of defendant, viz, $1,720.42, provided that the Guaranty Company shall not have execution on said judgment unless and until it shall have first paid the judgment herein against it in favor of plaintiff; and payment by Liggett Company and Binzer, or either of them, of plaintiff's judgment against the defendants shall constitute satisfaction of the Guaranty Company's judgment herein; (7) the plaintiff is entitled to recover his costs taxed at $................, against all the defendants; (8) the cross-complainant is entitled to recover its costs taxed at $................, against both cross-defendants.

The court pronounced judgment in the amount of $1,720.42 in favor of Ike Morris, appellee, against all the defendants. The court also rendered the further judgment: That Liggett Company and United States Fidelity & Guaranty Company were sureties for the said Binzer upon the said bond sued on; that said Binzer's property should be first exhausted before Morris should have recourse to the property of said United States Fidelity & Guaranty Company; that said Guaranty Company recover on its cross-complaint from said Binzer and said Liggett Company $125 for unpaid premium on the bond and attorney fees in this action, and that in addition thereto it should recover from said Liggett Company and Binzer $1,720.42, but it should not have execution therefor until it should have first paid the judgment in favor of Morris, and that payment by either Binzer or the Liggett Company on Morris' judgment should be a satisfaction of the judgment in favor of said United States Fidelity & Guaranty Company. After this judgment was rendered, Liggett Company filed its motion for new trial, which was overruled, and this appeal followed.

The errors assigned are: (1) Overruling motion to strike out paragraphs two and three of the cross-complaint of the Guaranty Company; (2) error in each and every conclusion of law Nos. 1-8; (3) overruling motion for new trial, under which is presented that: (a) The findings and decisions are not sustained by sufficient evidence and are contrary to law; (b) the evidence is not sufficient; and (3) the damages are excessive.

It is urged that the court was in error in refusing to strike out the second and third paragraphs of the cross-complaint of the United States Fidelity & Guaranty Company. Paragraph two of this cross-complaint sets up the agreement of indemnity and asks that if a judgment is rendered on the bond, then the Guaranty Company should have judgment accordingly. Paragraph three avers that the Guaranty Company executed the bond at the request of the defendants and the defendants executed their written agreement of indemnity; that the bond premium of $25 is due and unpaid; that the Guaranty Company was compelled to employ counsel to defend the action. Appellant insists that his motion to strike out should have been sustained, for the reason that these pleadings were not germane to the subject matter of the original action. This objection is well taken. It must be remembered that this action was one to recover on a bond and was directed against three defendants. It was for the purpose of establishing a liability as to the judgment previously rendered in the replevin action, the liability being only in favor of the appellee. It does not seem that a cross action for bond premium, attorney fee, etc., directed only against the other two defendants by a defendant in the same action is sufficiently relevant to make it the basis of good pleading in that litigation. This court, in *Buscher* v. *Volz* (1900), 25 Ind. App. 400, 58

N. E. 269, 270, said: "It is also the rule, well grounded by the authorities, that the new facts which it is proper for a defendant to introduce into a pending litigation by means of a cross bill are such, and such only, as are necessary for the court to have before it in deciding the questions raised in the *original suit* to enable it to do full and complete justice to all the parties before it in respect to the cause of action upon which the complainant rests his right to aid or relief. If a defendant, in filing a cross bill, attempts to go beyond this, and to introduce new and distinct matter not essential to the proper determination of the matter put in litigation by the original bill, although he may show a perfect case against the complainant or one or more of his co-defendants, his pleading will not be a cross bill but an original matter." This has been upheld as the law in this state. See *Washburn* v. *Roberts* (1880), 72 Ind. 213; *Pool* v. *Davis* (1893), 135 Ind. 323, 34 N. E. 1130; *Hunter* v. *First Nat. Bank of Ft. Wayne* (1909), 172 Ind. 62, 87 N. E. 734; *Wainwright* v. *P. H. & F. M. Roots Co.* (1912), 176 Ind. 682, 97 N. E. 8; *Heaton* v. *Lynch* (1894), 11 Ind. App. 408, 38 N. E. 224; *Bradford* v. *McBride* (1911), 50 Ind. App. 624, 96 N. E. 508; *Watson* v. *Balyeat* (1925), 90 Ind. App. 281, 149 N. E. 571. The matter pleaded seems to us to be an independent one and not one arising out of the cause stated in the original complaint. Paragraphs two and three were founded on the indemnifying agreement executed by Binzer and Liggett Company to the Guaranty Company, and were not directed to the bond itself, the so called indemnifying agreement being merely between the defendants and not an essential part of the replevin bond executed in order to retain the goods. These paragraphs were not founded on provisions of the bond germane to the action and were, therefore, improper. The motion to strike

out paragraphs two and three of the cross-complaint should have been sustained.

Appellant, contending that the conclusions of law are erroneous, argues that Morris is not entitled to a recovery upon the replevin bond, for the reasons: (1) He had charged a wrongful detention by both Binzer and the Liggett Company, whereas the jury found and the court adjudged a detention only by Binzer; and (2) there must first be a judgment rendered for the delivery of the property to the plaintiff before a judgment for the value thereof can be valid. In support of the first proposition, appellant says that the discharge of one of the defendants (Liggett Company) constitutes a breach of the bond, and that, there having been a discharge of one, the sureties are released, citing *Abrahams* v. *Jones* (1886), 20 Ill. App. 83; *Tyler* v. *Davis* (1885), 63 Miss. 345; *Andre* v. *Fitzhugh* (1869), 18 Mich. 93; *Robinson* v. *Bonjour* (1901), 16 Colo. App. 458, 66 Pac. 451; and *Harris* v. *Taylor* (1856), 35 Tenn. 536, 67 Am. Dec. 576. These cases, however, are not in point, as they all are cases where a dismissal as to one or more of two or more defendants has been made voluntarily by the plaintiff, and not, as here, where judgment has resulted in favor of one of the two defendants. As these cases merely are concerned with the effect of a voluntary dismissal as to one or more of a number of sureties, they are of no controlling force in the instant case and we, therefore, will not discuss them.

In disposing of the first proposition urged by appellant, as to its liability on the bond signed by it where the judgment was only against its co-defendant in the replevin suit, we call attention to the case of *Larson* v. *Hanson* (1913), 26 N. D. 406, 144 N. W. 681, 683, 51 L. R. A. (N. S.) 655, where, under a statute very similar to that in this state, the question is ably discussed. The action was in claim and delivery

and was brought against two defendants who furnished statutory redelivery bonds, each signing the undertaking. At the conclusion of the evidence on the trial, one of the defendants moved for a dismissal as to him, which was not resisted by plaintiff, and the motion was granted. Judgment was then rendered for the plaintiff against the other defendant. In holding that the other defendant was not released from his obligation under the bond, the court said: "The plaintiff is entitled to the property on commencing his action and furnishing his undertaking and the service of process, unless a redelivery undertaking is furnished by the defendant. It is clear that the statute contemplates such an undertaking as will render the plaintiff secure, if the property is redelivered and retained in the possession of the defendant. It provides for a return of the property if the plaintiff is adjudged to be entitled to it, and for the payment to him of such sum as, for any cause, may be recovered against the defendant. The undertaking is not only a substitute for the possession of the property by the plaintiff, but is security for any money judgment recovered. . . . The respondent contends that, because the undertaking follows the language of the statute, but uses the word 'defendant' in the plural, and because judgment was recovered against only one of the two defendants, the proceedings have effected a change in the contract of the sureties without their knowledge or consent, and that thereby they are released or discharged. We are of the opinion that the terms of the statute must be taken in a much broader sense and meaning, and that they apply to the recovery by the plaintiff as against any or all of the defendants named in the process on which the undertaking was given. To hold otherwise would be to emasculate the law relating to claim and delivery. *It would render it extremely hazardous to take possession in any action in which more*

*than one party is made defendant."* (Our italics.)· In a note to the above case in 51 L. R. A. (N. S.) 655, the question is discussed at length. We quote in part therefrom: "As a rule, statutes have been enacted in the different jurisdictions prescribing, in effect, at least, what shall be the condition of the bonds taken in the various judicial proceedings in which such undertakings are common. The purpose of all these enactments being practically the same, namely, the protection of the obligee in the particular undertaking (*Vandyke* v. *Weil,* 18 Wis. 277), the authorities, almost as a whole, unite in holding that the sureties in such obligations are not discharged from liability by a judgment in favor of one principal and against another. If the rule were otherwise, a great hardship might be worked upon the obligee in the undertaking, for if the obligor acquitted was the only solvent one, the obligee would be without recourse, the sureties having also been discharged. Almost *sine exceptione,* the few cases not sustaining the above rule have been either overruled or else explainable on the theory of the peculiar phraseology of the condition of the particular bond under consideration."

In this connection, however, it will be noted that the court, in the instant case, in the finding of facts, has found appellant Liggett Company to be a principal on the bond, while in the conclusions of law it is held as a surety. This discrepancy, not called to our attention by appellant, nor pointed out in the brief, however, can be of no avail to appellant, for the reason that, even if Liggett Company and Binzer are principals together, and the conclusions of law were to be amended to conform to the finding in this respect, still Liggett Company is to be held liable, for the reason that, they being co-obligors as principals on the bond, they are sureties for each other. "Each principal obligor in a joint bond is, as between themselves, a surety for his

co-obligor." 1 Brandt, Suretyship, §38. In *Lewis* v. *Maulden* (1894), 93 Ga. 758, 21 S. E. 147, 148, in holding the principals in an appeal bond are sureties for each other, the court said: "The general rule is that co-principals in such a bond are sureties for each other." It was also stated that, "Although the verdict of the jury in the Superior Court relieved Maulden and McKinney from liability as sureties on the note, it did not relieve them of their liability on the bond which they had entered into jointly with Brown in order to take the case to the Superior Court." See *Waldrop* v. *Wolff* (1902), 114 Ga. 610, 40 S. E. 830. Also *McDonald* v. *Mazon* (1917), 23 N. M. 439, 168 Pac. 1069, wherein *Lewis* v. *Maulden, supra,* is quoted from with approval. The case of *Landa* v. *Moody* (1900), (Texas Civ. App.) 57 S. W. 51, we deem of no controlling influence on this subject. The finding of the jury, in the case at bar, against Binzer alone, in the replevin suit, did not release the Liggett Company from liability on the bond. *Larson* v. *Hanson, supra; Pilger* v. *Marder* (1898), 55 Neb. 113, 75 N. W. 559; *Goodwin* v. *Bunzl* (1886), 102 N. Y. 224, 6 N. E. 399; *Auerbach* v. *Marks* (1881), 10 Daly (N. Y.) 171.

Appellant is also wrong in its contention that there first must be a judgment for the return of the property before the judgment in this case for the value of the goods can be valid. It is true that, generally, a money judgment for detention and damages in a replevin suit is not valid unless a *returndo habendo* be first awarded, but there is an exception to this rule, as in the case that the goods cannot be returned, and then, of course, an order for their return would be useless and unnecessary. As was said in *Larson* v. *Hanson, supra:* "On the facts shown by the record, it was for the trial court to determine what kind of a judgment to enter, and that court must have found, in its consideration of the subject and from the record, that the property could

not be returned." In *Lee* v. *Hastings* (1882), 13 Neb. 508, 14 N. W. 476, it was held that the judgment in replevin action must be in the alternative *unless it is shown by the record that a return of the property could not have been had.* In the case at bar, the court has found in its special finding of facts that the property had been sold for storage charges, and where, on the record, it appears that the property which is the subject of the action cannot be returned, judgment need not be entered for its return. *Larson* v. *Hanson, supra; Lee* v. *Hastings, supra;* see also *Shaver* v. *Kappellas* (1915), 83 Ind. App. 338, 146 N. E. 858. We hold that the finding of the court, in its special finding of facts, that the property had been sold, is a sufficient finding of record, and is sufficient to warrant a judgment for the value of the goods, and that a finding for their return was not necessary.

We need not discuss the alleged error in overruling the motion for new trial. Suffice it to say that we have examined the causes presented thereunder and find no error. We have examined the evidence and find it sufficient to sustain the findings. We cannot say that the damages awarded are excessive.

It necessarily follows that so much of the judgment as does not pertain to and is not founded on the second and third paragraphs of the cross-complaint is affirmed. The trial court is directed to strike out the second and third paragraphs of the cross-complaint of the United States Fidelity and Guaranty Company, and to restate its conclusions of law as of date of May 29, 1929, as follows, to wit: (1) The law is with the plaintiff and against the defendants and each of them on the complaint; (2) the law is with the United States Fidelity & Guaranty Company, cross-complainant, on its first paragraph of cross-complaint; (3) the plaintiff, Ike Morris, is entitled to recover upon the bond sued on in

the complaint herein, of and from the defendants, Ike Binzer, the Louis K. Liggett Company, and the United States Fidelity and Guaranty Co., the sum of $1,720.42, together with his costs in this action; (4) the United States Fidelity & Guaranty Co., under the issues joined upon its first paragraph of cross-complaint herein, as surety for the cross-defendants, Ike Binzer and the Louis K. Liggett Co., is entitled to have the property of the defendants, Ike Binzer and the Louis K. Liggett Co., exhausted before any recourse is had to the property of the United States Fidelity & Guaranty Co.; (5) the plaintiff is entitled to recover his costs taxed at $............, against all defendants; (6) the cross-complainant is entitled to recover its costs, taxed at $............, against both cross-defendants. The court shall render judgment as of June 13, 1929, in conformity with the above stated conclusions of law.