HINTON ET AL. *v.* SHEDD, SHERIFF ET AL.

[76 South. 144, Division A.]

JUDGMENTS. *Equitable relief. Correction of errors of other courts.*

A court of equity is without power to correct mere errors alleged to have been made by another court in rendering a judgment in a cause of which it had full jurisdiction. The correction of such errors is committed solely to the supreme court on direct appeal thereto from the judgment or decree complained of.

APPEAL from the chancery court of Lamar county.
HON. D. M. RUSSEL, Chancellor.

Suit for injunction by R. W. Hinton and others against J. C. Shedd, Sheriff of Lamar County and others. From a decree of the chancery court dissolving the injunction obtained by complainants in the court below, complainants appeal.

This is an appeal from a decree of the chancery court dissolving an injunction obtained by the appellants, who were complainants in the court below; the object of said

suit being to enjoin the enforcement by execution of a judgment obtained by the appellees against appellants.

One Allen sued the Wells Lumber Company in the circuit court of Pearl River county for damages for trespass for cutting pine timber upon his land, and sued out an ancillary attachment against said lumber company on the ground of nonresidence, gave the bond required by law, and writ of attachment was issued directed to the sheriff of Lamar county, where defendant owned property. The sheriff returned said writ to the court, with the indorsement that he had held the attachment intending to levy on certain lumber belonging to defendant, when said defendant tendered a bond in the amount required by law, with Hinton and others as sureties, and that said bond was accepted and approved and no levy made.

Afterwards at the regular term of court in Pearl River county a judgment was rendered in favor of Allen and against the Wells Lumber Company and Hinton and others, sureties on his attachment bond, from which there was no appeal. Execution was issued on this judgment and levied against the property of Hinton and others, sureties on the bond of the lumber company, when they filed this suit to enjoin Shedd, sheriff of Lamar county, and Allen and others, from enforcing said judgment against them, and praying that the judgment be declared null and void. The theory upon which the relief sought is based is that there was no consideration for the execution of the bond for the reason that the sheriff did not levy upon the property of the defendant Wells Lumber Company, but accepted the bond upon which appellants are sureties without making the levy.

*W. A. Shipman,* for appellant.

*Salter & Hathorn,* for appellee.

115 Miss.—14

SMITH, C. J., delivered the opinion of the court.

The validity *vel non* of the bond here in question was for the determination of the court rendering the judgment thereon, the execution of which is here sought to be enjoined, and the objection now urged against the bond, if valid, could have been availed of in that court. Consequently it was not open to review in the court below; for a court of equity is without power to correct mere errors alleged to have been made by another court in rendering a judgment in a cause of which it had full jurisdiction. The correction of such errors is committed solely to this court on direct appeal thereto from the judgment or decree complained of.

*Affirmed.*