## B. B. BARKER v. G. W. JUSTICE et al.

1. SLAVE: SALE OF WITHOUT CERTIFICATE OF CHARACTER.—The purchaser of a slave cannot be held liable for the price, if such slave be brought to this State from another State or Territory for sale, and no certificate of character obtained and recorded as required by the statute. *Deans* v. *McLendon*, 30 Miss. 343.

2. SAME: PLEADING: OFFER TO RETURN NOT NECESSARY.—A plea which sets up as a defence, to a suit for the recovery of the purchase money of a slave, that the sale was prohibited by law or against an established public policy, need not contain an offer to return the slave.

Barker *v.* Justice et al.

3. SAME : SAME.—Courts of justice will not aid either party in obtaining redress for wrongs growing out of such transactions, nor will any terms be imposed to enable a party to make such defence.

4. SAME : FRAUD, NECESSARY AVERMENTS IN : PLEAS NOT DOUBLE : CASE IN JUDGMENT.—A plea "that the bill of exchange sued on was obtained from defendant through misrepresentation and fraud, in this, that for and in consideration of said bill, Herndon, one of the defendants, sold to Justice, his co-defendant, a negro man named Jeff, and falsely and fraudulently represented and warranted him to be sound in body and mind, which representation and warranty are and were at the time of making the same and at the time of the execution of the bill, false and fraudulent in this, that said negro was then wholly unsound in body "—Held—Not to be double and not wanting in necessary fulness and certainty of its averments as to fraud.

5. PRACTICE : ACTION SHOULD BE DISPOSED OF AS TO DEFENDANTS, WHO DO NOT PLEAD BEFORE TRIAL OF ISSUE AS TO OTHERS.—Where there are several defendants, all of whom have been served and some have pleaded and others have not, it is *irregular* not to take judgment by default, or discontinue as to the latter before going to trial on the issues joined with the former.

6. AMENDMENTS : AT ANY TIME BEFORE VERDICT.—The court has full power to allow all amendments, at any time before verdict, so as to bring the merits of the controversy fairly to trial, and unless such discretion is clearly abused to the prejudice of one of the parties, this court will not interfere with its exercise.

7. JUDGMENT BY DEFAULT : WHEN AND HOW SET ASIDE.—Under the Rev. Code the court has full control over judgments by default during the term, and may set them aside at discretion, *before* writ of inquiry is executed, and *afterwards* upon good cause shown therefor on oath.

8. ACTION FOR MONEY PAID : JUDGMENT FINAL ERRONEOUS, UNLESS COPY OF ACOUNT OR BILL OF PARTICULARS FILED WITH DECLARATION.—In an action for money paid, a judgment final is erroneous unless there is a copy of the account or bill of particulars filed with the declaration. In such a case, a writ of inquiry should be awarded, and the jury could assess only nominal damages unless plaintiff makes proof of an actual payment of money for the defendant.

9. INSTRUCTIONS : ABSTRACT, NOT APPLICABLE OR AMBIGUOUS.—It is erroneous to give instructions to the jury, not applicable to the case—upon abstract principles of law, or that are so uncertain as not to be understood by or may mislead the jury.

10. SAME.—Court cannot assume in instructions that a fact is proven. 37 Miss. 471.

ERROR to the Circuit Court of Monroe county. Hon. Joel M. Acker, Judge.

16

The facts of the case sufficiently appear from the opinion.

· *Houston & Reynolds*, for plaintiff in error, contended—

That a plea setting up both false warranty and fraud was double, and that the pleas in this case which charge fraud do not sufficiently set forth facts constituting the fraud; that the plea which sets up as a defence that the negro was brought to Mississippi for sale without certificate of character, etc., should have offered to return the negro, and cited the following authorities: Stephens on Pleading, 253; 2 Saunders' Pl. & Ev. 527; 9 Co. 110; 27 Miss. 852; 34 Miss. 101, 109.

*D. W. Sadler* for defendant in error.

No brief on file.

ELLETT, J., delivered the opinion of the court.

The declaration in this case contains three counts. The first is upon a bill of exchange drawn by Justice, accepted by Harrison, and endorsed by Herndon; the second and third are the common counts for money lent and money paid.

The pleas were as follows:

1. A plea by Justice alone, to the first count, that the bill was given to Herndon for a slave sold him by Herndon, and warranted sound, and that the slave was unsound and valueless.

2. By Justice alone, to the first count, that the bill was given to Herndon for a slave sold him by Herndon, and falsely and fraudulently represented and warranted to be sound, which representation and warranty were false and fraudulent in this, that said slave was wholly and totally unsound in body.

3. By Justice and Harrison jointly, to the first count, that the bill of exchange was given to Herndon for a slave sold by him to Justice, which slave, being over fifteen years of age, was introduced into this State by Herndon, from Tennessee, as merchandise and for sale, and sold to said Justice, without a compliance with the law of this State in regard to certificates of character, charging such non-compliance in the terms of the statute.

4. By Justice and Harrison jointly, to the first count, the same in substance as the third plea, alleging a failure to register such certificates in the manner required by law.

5. By the same defendants, a plea of payment in short to the second count.

There was no plea to the third count, and no appearance or plea by Herndon, one of the defendants, who was served with process, and no judgment by default or discontinuance as to him.

The plaintiff demurred to the second plea on the ground of duplicity, and also because the circumstances of fraud were not set out; and to the third and fourth pleas, because they did not contain an offer to return the slave. These demurrers were overruled, and issue was then joined on the three pleas demurred to.

On the trial, evidence was offered in support of the first four pleas, and proof was given by the plaintiff of a compromise and settlement of the defence, arising under the plea of the warranty of soundness of the slave, and the breach thereof. After the close of the evidence, the defendants claimed the right to open and close the argument to the jury, on the ground that their pleas were all affirmative, and that the burden of proof was upon them, and this right was accorded to them by the court.

After the argument was closed, and the instructions given to the jury, the court permitted the defendants to plead *non assumpsit* to the second and third counts of the declaration, after ordering a judgment by default on the said third count; but before the same was entered by the clerk, the court at the same time offered the plaintiff permission to introduce additional testimony, or to reargue the case to the jury, which offer was declined.

The following instructions were given on behalf of the defendants:

1. If you believe from the evidence that the negro slave Jefferson, in controversy, was unsound at the time of the sale, and that *defendant* warranted his soundness, and that his

unsoundness reduced his value to the amount of the *note* sued on, you will find for the defendant.

2. If you believe from the evidence that, at the time of the sale, Herndon warranted the negro to be sound, then it is not necessary that Justice should have offered to return the negro, to make the defence of failure of consideration to the note and bill of exchange sued on, to the extent that said unsoundness reduced the value of said slave.

3. If you believe from the evidence that the note and bill of exchange sued on were given for the negro man Jefferson, and that he was above the age of fifteen years, and that said negro was by said Herndon introduced or imported into this State from the State of Tennessee, or any other of the United States, as merchandise or for sale, without the said Herndon having previously obtained a certificate signed by two respectable freeholders in the county of the State of Tennessee from which said slave was brought, containing a particular description of said negro, and that he had not been guilty or convicted of murder, burglary, arson, or other felony, within their knowledge or belief, signed or acknowledged before the clerk of the county of said State, specifying that the persons whose signatures are thereto affixed, are respectable freeholders of the county and neighborhood where they reside, you will find for defendant.

4. If you believe from the evidence that the note and bill of exchange sued on were given for a negro man Jefferson, and that Jefferson was above the age of fifteen years, and that Herndon brought said negro from Tennessee for sale or merchandise, and that he did not, before said sale, register a certificate with the clerk of the County Court of Monroe county, signed by two respectable freeholders of the county, òf Tennessee, containing a particular description of said negro, and that he had not been guilty or convicted of murder, burglary, arson, or other felony, within the knowledge or belief of the said certifiers, signed or acknowledged before the clerk of the county of the State from whence said negro was brought from, you must find for defendant on said note or bill.

A verdict having been found for the defendant, a motion was

Barker *v.* Justice et al.

made for a new trial on all the points presented by the record, which motion was overruled.

The first error complained of is the overruling of the plaintiff's demurrer to the second plea of justice, and to the two first pleas filed by Justice and Harrison jointly.

We perceive no objection to any of these pleas. The first is not double, and is not wanting in the necessary fulness and certainty of its averments. To the other two the only objection made is, that they do not contain an offer to return the slave. But where the defence is that the sale was illegal, being prohibited by law, or against an established public policy, it is not necessary to offer a return of the property. The principle is, that, in such cases, courts of justice will not lend their aid to either party, but will leave them precisely where they have placed themselves. Nor will any terms be imposed on either party as conditions to entitle him to make the defence. These pleas are substantially the same as the pleas in the case of *Deans* v. *McLendon*, 30 Miss. 343, which were held to be good, without any such tender of the property sold as is now contended for.

The second error alleged is the permission given to the defendant to file additional pleas, after the argument of the cause had been concluded, and the instructions given to the jury; and the setting aside the judgment by default on the third count.

The court had full power to allow all amendments to be made at any time before verdict, so as to bring the merits of the controversy between the parties fairly to trial. Such proceedings must rest very much in the discretion of the court, and unless that discretion was clearly abused, to the prejudice of one of the parties, this court would be unwilling to interfere with its exercise. There was certainly great looseness, in this case, in the preparation of the pleadings; and it is manifest that the real merits of the case could not have been fairly tried without these additional pleas being filed.

There was no error in setting aside the judgment by default on the third count. The judgment had not been entered by the

clerk, and it was set aside almost at the same instant that it was ordered. The court has full control over judgments by default during the term, and may set them aside at discretion, except after writ of inquiry executed, and judgment rendered thereon by the court, when they cannot be set aside unless good cause be shown therefor on oath. Rev. Code, 520, art. 253. It may be questioned whether the judgment taken could have done the plaintiff any good, if it had not been set aside; for there was no copy of any account, or bill of particulars, filed with the court, and therefore the judgment could not have been final. There must have been a writ of inquiry; and at best the verdict could only have been for a nominal sum, unless the plaintiff made proof of the payment of money for the defendants. And it is doubtful whether any such proof would have been admissible on the execution of the writ of inquiry, on account of the failure to file a copy of the particulars of the demand. Rev. Code, 492, art. 90. It is pretty clear, therefore, that the plaintiff suffered no prejudice by failing to get his judgment by default; and, besides, he was himself guilty of irregularity in not taking the judgment before going to trial on the issues joined, and in not having disposed of the case as to the defendant Herndon, for whom no plea had been filed.

The third error complained of is, that the court gave the instructions asked by the defendants.

The first and second instructions relate to the supposed unsoundness of the slave, as set up in the first and second pleas by Justice alone. Both proceed on the hypothesis of a warranty of the soundness of the slave, and it is remarkable that the record contains no evidence whatever of the existence of any warranty. All that it does contain upon that subject is found in the testimony of the defendant Justice, who says that Herndon told him " the boy was a good boy, and gave him a sound bill of sale." This bill of sale was not produced, and, so far as the record shows, was not given in evidence, nor was its absence accounted for, nor were its contents proved. There being no evidence of a warranty, or of any representation in regard to the soundness of the slave, it was erroneous for the

court to give instructions that presupposed the existence of such proof, and which submitted the fact of warranty to be determined by the jury from the evidence.

There are other objections to these instructions that are fatal to them, upon which it is not necessary to dwell. Neither of them submits to the jury the question whether the bill of exchange sued on was given in consideration of the slave alleged to have been sold by Herndon to Justice, but they both either assume that fact as granted, or treat it as immaterial; and the first is so inaccurately drawn, that it has no application to the case.

The third and fourth instructions, which relate to the defences set up by the third and fourth pleas, are objected to, because, in submitting to the jury the question as to the age of the slave alleged to have been sold by Herndon to Justice, the question is stated to be whether he was fifteen years old at the time of the sale, instead of at the time of his introduction into the State. The statute requiring these certificates of character, only makes them necessary where the slave introduced into the State for sale is above the age of fifteen years at the time of the introduction. The instructions are not free from ambiguity on this point, but we think they must be construed as declaring that the defence would be available, if the jury should believe that the slave was above the age of fifteen years at the time when the bill of exchange sued on was given. This was erroneous.

But after carefully examining the record, we are unable to find any evidence whatever bearing, in the slightest degree, upon the age of the slave, either at the time of the introduction or at the time of sale. This was a vital point in the cause; and without some proof on the subject, it was erroneous for the court to submit its determination to the jury at all.

There are some other points in which it is contended that the court below committed errors, but they are of minor importance, and are not necessary to be particularly noticed.

For the error in giving the instructions for the defendant in the condition of the proof, the judgment will be reversed, and the cause remanded for a new trial.