GREEN ET AL. *v.* TAYLOR, SHERIFF ET AL.

[71 South. 375.]

JUDGMENT. *Sheriff and constables. Conclusiveness. Collateral attack. Liability on bond.*

Under Code 1906, section 4670, providing for judgment against the sheriff and his bondsmen, for failure to return an execution in due time, for the amount of the execution and all cost, neither the sheriff nor his bondsmen can avoid liability on the ground that the judgment on which the execution issued was invalid, since such a defence is but a collateral attack upon the judgment upon which the execution issued which is not permissible.

APPEAL from the circuit court of Simpson county.
HON. W. H. HUGHES, Judge.

Suit by R. H. Green and others against W. C. Taylor, Sheriff, and others. From an order denying plaintiff's

motion for judgment against defendants, plaintiff appeal.

Appellants brought suit in the court of a justice of the peace of Simpson county against J. L. and Ira Boswell, and recovered a judgment which was duly enrolled in Leflore county, Miss., the home of defendant Ira Boswell, and on the enrolled judgment the circuit court of Leflore county issued execution directed to the sheriff of Leflore county, W. C. Taylor, one of the appellees here. The execution was issued April 27, 1914, and made returnable May 23d before the justice of the peace in Simpson county, in whose court judgment had been rendered. The execution was not returned by Sheriff Taylor until June 24, and did not reach the justice of the peace until June 30, 1914. Because of this failure of appellee Taylor to return this execution promptly a motion was made in the court of the justice of the peace against Taylor and his bondsmen, and upon said motion being denied appeal was taken to the circuit court, where on the hearing the motion was again overruled, from which judgment this appeal is taken.

Section 4670 of the Code of 1906 provides as follows:

"If any sheriff, coroner, or other officer, shall fail to return any execution to him directed, on the return day thereof, the plaintiff in execution shall be entitled to recover judgment against the sheriff, coroner, or other officer and his sureties, for the amount of the execution and all costs . . . to be recovered by motion before the court to which the execution is returnable, on five days' notice first given thereof."

*Hilton & Hilton,* for appellants.

*Lomax & Tyson,* for appellees.

SYKES, J., delivered the opinion of the court.

The court below erred in not rendering judgment in favor of plaintiffs upon their motion for same. The de-

fense interposed in the court below was but a collateral attack upon the judgment upon which the execution was issued. That this cannot be done has been repeatedly held by this court. See *Vicksburg Grocery Co.* v. *Brennan*, 20 So. 845, and authorities therein cited.

Reversed, and judgment here for appellant for amount sued for.

*Reversed, and judgment here.*