## BEARD *v.* McLAIN.

[78 South. 184, In Banc.]

1. JUDGMENT. *Vacation after term. Adjourned terms.*

All final decrees made in term time remain in the breast of the chancellor until the adjournment, and may be amended or vacated at any time during the term, but not afterwards.

2. SAME.

Where a special term was called by the chancellor for June, an order by him attempting to adjourn such term until August and retain control and jurisdiction over final decrees rendered at such special term was void, so that a decree setting aside at the August term a final decree, rendered at the June term was void.

3. COURTS. *Adjourned term. Continuance.*

Since section 989, Code 1906 (Hemingway's Code, section 709), provides for an adjourned session of court only if the judge be absent, and Laws 1914, chapter 239, authorizes a continuance of the term only until the business of the term is finished, an order of a chancellor at a special June term at which he was present, adjourning the term over until August, was void and did not make the August term a part of the June term.

APPEAL from the chancery court of Jones county.
HON. G. C. TANN, Chancellor.

Bill by H. M. McLain by his next friend, A. L. McLain, against Albert Beard. There was a decree for defendant, dismissing the suit and later a decree setting aside the former decree, and on a new hearing a decree was rendered for complainant, and defendant appeals.

The facts are fully stated in the opinion of the court.

*Lamar F. Easterling,* for appellant.

*W. J. Pack,* for appellee.

STEVENS, J., delivered the opinion of the court.

Appellee, H. M. McLain, by his father and next friend, instituted this suit in equity against appellant, to cancel a certain deed executed by complainant to defendant for eighty acres of land, upon the alleged claim that the complainant, at the time of the execution of said deed, was insane and incapable, therefore, of making the deed. The original bill was filed in July, 1915. A general demurrer was interposed by the defendant, and the court, at a regular term, on November 15, 1915, sustained the demurrer and granted the complainant twenty days within which to file an amended bill. · An amended bill was subsequently filed by the complainant, but not within the time allowed by the court, and, at a special term of the court convened in June, 1916, the defendant moved the court to strike the amended bill from the files and to dismiss the complainant's suit because the amended bill was filed out of time, without leave of the court. This motion was sustained by the chancellor, and a decree was entered June 7, 1916, dismissing the suit. The decree of June 7th, among other things, recites that the motion of the defendant ''be and the same is hereby sustained and said bill and cause is dismissed,'' and, further, that the complainant ''pay all costs of this proceeding.'' At another term of the court, designated by counsel for appellee as an ''adjourned term,'' convened for the Second district of Jones county, August 16, 1916, the complainant moved the court to vacate or set aside the decree rendered on June 7, 1916, dismissing this cause, and to reinstate the case and grant the defendant time in which to answer the amended bill. This motion was sustained, and a decree rendered Agust 18, 1916, undertaking to set aside the decree rendered at the June term, dismissing the suit, and granting the defendant until the October term of the court in which to answer the bill. Thereafter the bill

was answered, and the cause submitted for trial upon the amended bill, answer, and cross-bill, and proof; and on January 6, 1917, final decree was rendered, granting the complainant the relief prayed for. From this decree, appellant, as defendant in the court below, prosecutes this appeal.

In the presentation of the case on appeal, appellant contends, among other things, that the court erred in rendering the decree of August 18, 1916, undertaking to set aside the decree rendered at the June term, 1916, dismissing the suit and reinstating the cause; that the court was without jurisdiction to render any decree at the August term. There are other points raised in reference to the merits of the case; but, inasmuch as a decision of the case turns upon the jurisdictional question mentioned, it is unnecessary to give a statement of the facts or to deal with the merits of the case. The jurisdictional question lies at the very threshold of this case, and our view of this question precludes any analysis of the facts or the real merits of complainant's cause. In order fully to understand the point argued, we here set out the orders of the court pertinent to the main inquiry. The order of the court calling a special term for the Second district of Jones county is as follows:

"To the Attorneys, Litigants, Witnesses, and All Other Parties Interested: You are hereby notified that the April term of the chancery court for the Second district of Jones county, said state, is pretermitted, and a special term of said court is called for Wednesday the 7th day of June, 1916, and will continue during the remainder of that week. Ordered and decreed at Hickory on this 12th day of April, 1916.

"G. C. Tann, Chancellor."

The order adjourning the special June term is as follows:

"Ordered that court adjourn until second Monday in August, A. D. 1916.

"G. C. TANN, Chancellor."

The minutes of the August term have the following caption:

"Be it remembered that a special term of the chancery court of the Second district in said state, was begun and held in the city of Laurel, Mississippi, on the 16th day of August, A. D. 1916, same being the time and place designated by law for the holding of said court . . . When the following proceedings were had and done."

Did the chancellor retain control and jurisdiction over the minutes and orders of court rendered at the special June, 1916, term of court, to the extent of authorizing him to set aside, at the August meeting of the court, a decree theretofore rendered at the June term, dismissing this cause? This question, thus sharply and directly presented, must be answered in the negative. Unquestionably, the decree rendered at the June term, dismissing the amended bill and taxing the complainant with costs, was a final decree. The order calling the June term fixed Wednesday, the 7th day of June, as the day for convening the court, and expressly stated that the special term would continue "during the remainder of that week." In adjourning the special term, the chancellor undertook to adjourn his court until the second Monday in August, 1916. It is contended by counsel: First, that the August term, whether properly designated an adjourned or special term of the court, was in deed and in fact a separate and distinct term from the special June term, and that when the court adjourned the special June term, it lost jurisdiction of final decrees rendered at that term; and, secondly, that the August term of court, so far as this record reflects, was held without authority of law. It is settled law that:

"All final decrees made in term time remain in the breast of the chancellor until the adjournment, and may be amended or vacated at any time during the term, but not afterwards." *Ex parte Stanfield,* 98 Miss. 214, 55 So. 538.

In the case of *Wiggle et ux.* v. *Owen,* 45 Miss. 691, our court, by SIMRALL, J., referred to the old case of *Sagory* v. *Bayless et al.,* 13 Smedes & M. 153, a chancery case in which the final decree rendered at the previous term was set aside, and stated the correct rule to be:

"After the term had elapsed the power of the court over final decrees rendered at that term ceases. The only further remedy is by bill of review, or appeal, or writ of error."

Our court, in *Hardy* v. *Gholson,* 26 Miss. 72, extended the principle to probate courts. In the *Wiggle Case,* *supra,* the court further states:

"Any other doctrine applied to the chancery, the circuit, and the probate courts would overturn settled practice. It could not be predicated of a judgment or decree, when it became final."

So here, the decree rendered at the special June term was a final decree that put the complainant out of court, and his only remedy, after the adjournment of the special June term, was by appeal to the Supreme Court. In the case of *American Burial Case Co.* v. *Shaughnessy,* 59 Miss. 398, the case was dismissed at a regular term of the court, upon the double ground that no legal representative had appeared and become a party to the suit after the suggestion of death of the plaintiff, and, also, because "no docket fee had been paid," as prescribed by law. Two terms after the suit had been thus dismissed, the executor appeared in court and secured an order reviving the suit in his name; and this court, by CHALMERS, C. J., observes:

"Unless the first order dismissing the case was a nullity, the second one, revived in the name of the exec-

utor, was *coram non judice,* and every step taken after
the order of dismissal was absolutely void and of no
effect. An order of dismissal is a final judgment, and
puts an end to the jurisdiction of the court."

Authorities on this point could be multiplied, but a
point so elementary needs no further citation of au-
thority. The cases in this and other jurisdictions are
sufficiently collated in the brief of counsel for appellant.

The only way in which the exercise of jurisdiction
by the court at the August term is attempted to be justi-
fied is the view indicated on the face of the court's de-
cree rendered August 18th, reciting that:

"This day this cause came on to be heard on the
motion of complainant to vacate the order taken at
the former day of this term, to wit, June 7, 1916."

The view is advanced that the August meeting of the
court was a continuation of the June term. This can-
not be. Our view of this case renders it unnecessary
to decide the point made, that the August term was
held without authority of law. In all events it was a
separate and distinct term of court from the June term.
The minutes of the June term show an adjournment
of that term until the second Monday in August, 1916.
The minutes of the August meeting recite that:

"A special term of the chancery court for the Second
district in said county was begun," etc.

More than two months elapsed or intervened between
these terms. During that interval the chancellor had
engagements fixed by law for other counties, and even
in the Second district of Jones county there intervened
a regular rules day for the chancery court in July, and
a period of time in which the minutes of the clerk are
bound to reflect decrees rendered at rules and in va-
cation. If the chancellor could adjourn one term of
court to a date more than two months in the future,
in such a way as to retain control over all final decrees,
he would become, in the language of counsel "the walk-

ing repository of countless causes, the decision of which
he could change at will, and as many times as he
pleased.''

All the courts in his district could be thus kept open
for an indefinite length of time, and all distinctions be-
tween term time and vacation would be practically
abolished.    Courts must be held at fixed times and
places and for definite periods, in order that litigants
may be charged with notice and the rights of parties
fully protected.    Our statutes, if pursued, present a
complete system for holding regular and special terms.
Conceding for argument that the chancellor had the
power to adjourn the special June term until the sec-
ond Monday in August, it yet remains that the term
that was held in August was a distinct or adjourned
term.    The only statute which provides for adjourned
terms is section 989, Code of 1906 (section 709, Hem-
ingway's Code), providing for an adjourned session
of the court if the judge be absent.    Here the judge was
not absent, but was present and held the term in June,
upon the day for which it was called.    If the August
session of the court was a lawful term, it was mani-
festly a special term.    Chapter 239, Laws of 1914, does
not confer the power upon a judge or chancellor, while
holding a regular term of court, to enter an order upon
the minutes of that term, providing for an adjourned
term of the court.    The purpose of the amended statute
was to authorize a judge or chancellor ''to continue
any term of court then in session'' until the business
of the term is disposed of.    It is a matter of common
observation that important litigated cases sometimes
state for trial about the end of a regular term of court,
and that frequently the court is in the midst of the
trial of an important murder case, or other case of
importance, requiring additional time, and the statute,
as amended, confers the power upon the circuit judge
or chancellor to continue in session by an order entered

on the minutes; but it is contemplated that in this order the judge shall designate the time, and this time may be such length of time as the judge or chancellor "may determine." In the case before us the chancellor did not enter an order designating any length of time required for completing the business of the special June term, and, in reality, it does not appear that the court had any further business to transact at the special June term. It follows from what we have said that the decree of the chancellor reinstating this cause was a nullity; and, the reinstatement being void, there was no cause to be tried upon the merits.

The decree appealed from will be reversed, and the suit dismissed.

*Reversed and dismissed.*


ETHRIDGE, J. (dissenting). I am unable to concur in the conclusion of the majority that the chancellor did not have the power to enter the order during the June special term adjourning said special term until August of the same year. There are three statutes dealing with the subject that I desire to call attention to and set out upon which my views are founded. Chapter 239 of the Laws of 1914, amending section 988 of the Code of 1906, being section 708 of Hemingway's Code, reads as follows:

"Section 1. Be it enacted by the legislature of the state of Mississippi, as follows: That section 988 of the Mississippi Code of 1906 is hereby amended so as to read as follows: 988 (912). Of Special Terms. When the business of a circuit or chancery court may require, the judge or chancellor, in term time or in vacation, may order a special term to be held, and the order shall be entered on the minutes, or, if made in vacation, on the minutes of the special term. A special term shall not be held in a shorter time than twenty days from the date of the order; and the clerk of the

court shall give two weeks' notice of the time of holding the same in some newspaper published in the county, the proper cost of which notice shall be paid out of the county treasury; or if there be no such paper, then by advertisement for the like time posted at the court-house door and at three other places in the county, but a failure or irregularity in giving notice shall not affect the validity of any judgment or proceeding given or had at a special term. And in all cases where, in the judgment of any judge or chancellor, the business of any circuit or chancery court may for any cause make it advantageous, or proper, so to do, such judge or chancellor may continue any term of court then in session by an order entered on the minutes of such court for such time as such judge or chancellor may determine; and all courts, the terms of which may be continued or extended shall possess and may exercise all the powers exercisable by the same at and during the term, or terms, which may have been so continued, or extended."

Section 989 of the Code of 1906 (section 709 of Hemingway's Code), reads as follows:

"If the circuit judge or chancellor fail to attend at any term of the court, it shall stand adjourned from day to day until the fifth day, when, if the judge or chancellor shall not appear and open court, it shall stand adjourned without day; but, by virtue of a written order to that effect by the judge or chancellor, it may be adjourned by the clerk or sheriff to the next regular term, or to any earlier day, as the order may direct, and parties, witnesses, and jurors must attend accordingly."

Section 990 of the Code of 1906 (section 710 of Hemingway's Code), reads as follows:

"If any court shall not be held at any term, or shall not continue to sit the whole term, or during the term shall not have heard and determined all matters standing for trial then all suits and proceedings remaining undecided shall stand continued of course until the next

term; and if the court shall not sit on any day of the term after it shall have commenced, there shall not be any discontinuance, but the court may proceed to business on any subsequent day until the end of the term; and any court may take a recess to any day within the time during which it may be held.''

Taking these three sections of the Code together and construing them in the light of previous statutes and taking into consideration the purpose of the enactment of the statutes and the evils that they were enacted to remedy, it is manifest to my mind that the legislature intended to grant power to the judge to meet the necessities of any reasonable condition that might arise in the administration of justice without inflicting hardship upon the public and without denying justice to any litigant. In this case the chancellor, during the special term, and before the day which it was expected to adjourn on, entered an order adjourning the court until the second Monday of August and there was no regular term of the court in said county between the date of the special term in June and the day fixed for its continuance in August which would prevent the chancellor from extending the special term. The concluding clause of section 990 of the Code of 1906 (section 710 of Hemingway's Code), reads as follows:

''And any court may take a recess to any day within the time which it may be held.''

It has been held by the court that a special term may be called without fixing any day for its termination, and that the court may continue business in such case as long as the necessities of the situation require. *Dees v. State,* 78 Miss. 250, 28 So. 849. The situation in this state is such that the chancery court has been given large powers both in term time and vacation, and the chancery court is almost continually engaged in the trial of cases either in term time or in vacation,

and it is the purpose of the law, in my opinion, to enable the judge to adjourn from one day to another in one county so that he may take care of the situation in another county. It has been the policy of this state for many years to dispense with the technical requirements existing in ancient times with reference to the holding of courts. The proceeding in August should be treated just as though it was a proceeding in June. The law of 1914, chapter 239, set out above, contains this significant provision:

"And in all cases where in the judgment of any judge or chancellor the business of any circuit or chancery court may for any cause make it advantageous, or proper, so to do, such judge or chancellor may continue any term of court then in session by an order entered on the minutes of such court for such time as such judge or chancellor may determine."

It does not mean that when the judge extends such term that he must continue during each day embraced in the said continued term to adjourn court, but he may skip such days as the occasions may make prudent and necessary. All litigants being in court in legal contemplation at the time the order in question was made, of course, had notice that the court would resume his sitting as a special term of the court on the 14th day of August. In the present case a gross injustice has been done an unfortunate *non compos mentis*. Of course, when the court made the order extending the term until August and at such term set aside the order dismissing the bill and proceeded to the trial on the merit, the litigant was not expected to appeal to this court, and the fact that his appeal may be barred now inflicts a denial of justice upon the unfortunate man for no fault of his. I think the right result was reached on the merits of the case, and that it should be affirmed.