JACKSON *v.* REDDING *et al.*

(Division B.  Dec. 7, 1931.)

[138  So.  295.  No.  29643.]

Feb. 1, 1932.)

[139  So.  317.

**W. H. Cox,** of Jackson, for appellant.

Chambers & Trenholm, of Jackson, for appellees.

328

**Griffith, J.**, delivered the opinion of the court.

Appellant filed his suit, against appellee Redding, to enforce the statutory purchase-money lien on certain personal property not here necessary to describe. Upon the issuance of the writ for the seizure thereof, said appellee gave a forthcoming bond with appellee surety company as surety on said bond. The case was

tried and the court gave final judgment against appellee Redding for the full sum of the debt, with interest and attorney's fees in the total amount of one thousand eight hundred twenty-nine dollars, and a personal judgment was rendered against the appellee surety company for 1057/1507 of said one thousand eight hundred twenty-nine dollars, which when calculated is approximately one thousand two hundred eighty-three dollars. This judgment was entered at the February, 1930, term of the court.

Thereafter on the 14th day of November, 1930, a general execution was issued against both said appellees for the full sum of one thousand eight hundred twenty-nine dollars, although, as stated, the judgment against appellee surety company was only for one thousand two hundred eighty-three dollars. Appellee surety company thereupon moved to quash said execution, which motion was sustained by the court, from which action an appeal has been taken to this court.

The entire of the argument made here by appellee is that the court in rendering its final judgment at the February, 1930, term was in error in entering any personal judgment against appellee surety company for any part of the debt sued for; that the bond given by the surety company was a forthcoming and not a payment bond; and that the only valid judgment which could be rendered against said surety was one for the forthcoming of the property, and for a personal judgment only in default of the delivery up of the property. The property was tendered after the rendition of the judgment, as shown by the agreed statement of facts, and the tender was refused.

We have no power, in the state of this record, to consider the questions presented by appellees. Unless the judgment upon which an execution has been issued is null and void, it is not competent to attack the validity of said judgment by the means of a motion to quash

the execution. Upon such a motion the original judgment is final whatever may be the asserted errors or irregularities, or defects therein, save as to those which render the judgment altogether void. A motion to quash cannot be used to perform the offices of an appeal. 23 C. J. 537, and authorities there noted.

The motion by the surety company to quash was properly sustained, however, for this reason: As stated, the execution against the appellee surety company was for the entire amount of the judgment against Redding or for the entire sum of one thousand eight hundred twenty-nine dollars; whereas, the judgment against the surety company was for 1057/1507 of that amount, or approximately one thousand two hundred eighty-three dollars. An execution must accord substantially with the judgment on which it is founded, and an execution which is substantially excessive in amount against a party is subject to a timely motion by that party to quash. 23 C. J. 538, 539. It is true that sometimes, on such a motion, the court may permit amendments of the execution; but that was not here requested of the court and therefore we are not called upon to express an opinion whether this was an amendable execution. Nor do we express any opinion in what manner the proper alias process is to be issued under the judgment in this case, that matter not being before us. We decide only the two questions above stated: First, that a motion to quash is not available to attack the validity of the final judgment upon which the execution was issued, unless the judgment be null and void; and, second, that as a matter of essential form the execution in this case, so far as concerns the said surety company, was not a proper execution. We do not decide that execution may not issue under said judgment, and we decide nothing as to what form any alias process shall take.

Affirmed.

On Suggestion of Error.

**Ethridge, P. J.,** delivered the opinion of the court on suggestion of error.

The appellant filed a suggestion of error, and the appellee also filed one. The appellant challenges the closing part of the judgment on the motion to quash, which provides: "That no further execution be issued out of this court, upon said judgment against said United States Fidelity & Guaranty Company for said 1057/1507 of said judgment and costs, adjudged against it on its forthcoming bond for said excavator, so long as it appears that no benefit could be had by the plaintiff through the sale of said excavator under said judgment."

It is contended that, under this provision of the judgment, the learned court below had modified the judgment upon which the execution was issued after it had become final, and, if allowed to stand, in effect, it would modify said judgment. It is also contended, on behalf of the plaintiffs in execution, that the judgment is correct, in that the court had full control over its process to prevent injustice.

We think this portion of the judgment was beyond the power of the court to make upon a motion to quash, and that it should be treated as surplusage.

In order to modify an original judgment after it has become final, proceedings must be had directed to that end, either under the statute or in some direct proceeding seeking to correct the judgment, if that may be had, as to which we express no opinion.

The affirmance of the judgment was correct, but the part quoted above is not properly a part thereof, and will not prevent taking any appropriate further action.

Suggestion of error overruled.