McINTOSH v. MUNSON ROAD MACHINERY Co. *et al.*

(Division A. Jan. 23, 1933. Suggestion of Error Overruled, Feb. 6, 1933.)

[145 So. 731. No. 30331.]

R. T. Hilton, of Jackson, and Tarver McIntosh, of Collins, for appellant.

548

**T. J. Wills,** of Hattiesburg, for appellees.

**McGowen, J.,** delivered the opinion of the court.

This action arose in the county court of Forrest county on a motion filed by the appellant, Tarver McIntosh, against J. E. Gray, sheriff of said county and the surety on his bond, seeking to impose liability on the sheriff for failure to return an execution issued in his favor against the Munson Road Machinery Company.

The sheriff appeared and answered, admitting the issuance of the execution and that he refused to levy on the property of the defendant in execution, for the reason that the judgment on which the execution was issued was void because the judgment was rendered at a time when there was on file in the county court rendering the judg-

ment a plea of general issue, and that at a subsequent term from the term at which the original judgment was entered the county court treated the case as pending on its docket, and, on its own motion, vacated the defau·t judgment against the defendant in execution and dismissed the cause. Such proceeding was instituted on authority of section 3317, Code 1930, which imposes liability upon sheriffs for failure to return executions placed in their hands.

The evidence discloses that at a term of the county court convening on September 8, 1930, a judgment was rendered by that court by default against the Munson Road Machinery Company for one thousand dollars principal and twenty-seven dollars and fifty cents interest, from which we quote the following, to-wit : "This cause came on for hearing, and it appearing to the court that the defendant, Munson Road Machinery Company, a corporation, has been duly and legally served with process in this cause by personally delivering a true copy of the summons to F. G. Munson, president of said company, on the 9th day of July, 1930, returnable to this court on the 14th day of July, 1930, and it further appearing to the court that the defendant has failed to plead to said declaration, but has wholly made default, and it appearing that the defendant is justly indebted to the plaintiff," etc.

This judgment was rendered on September 12, 1930. There was never any appeal from it. The record shows its enrollment on September 25, 1930. The execution thereon was placed in the hands of the sheriff on October 11, 1930; The September term of court having adjourned on September 26, 1930.

The county court clerk's docket showed no return of the execution by the sheriff.

After the convening of the October, 1930, term of court, the docket was called, and the court entered a judgment to the effect that the default judgment in the

case was void because there was a plea on file, and dismissed the cause without prejudice, which action was taken without notice to McIntosh, the plaintiff.

The deputy county clerk and the plaintiff testified that on the date of the default judgment there was no entry on the general docket that any plea had been filed, and that there was no plea in the file of papers then in court. The deputy county clerk further testified that on July 14, 1930, she had filed a plea of the general issue, but had not entered it on the docket, and had forgotten it; that she "did not date it back," and it appears that, subsequent to the rendition of the default judgment, the filing of the plea was noted on the docket.

The execution could not be found, but McIntosh testified that he saw it in the clerk's office; that it was returnable to the November term, and that it had on the back thereof the following: "Executed 10/11/30. Execution set aside by T. J. Wills, lawyer in the case this the 3rd day of November, 1930. H. K. McLemore, D. S."

There were objections pro and con to the introduction of oral evidence, which seem never to have been passed upon by the trial court.

The county court, after hearing the evidence, overruled the motion against the sheriff and finally dismissed it.

There was an appeal to the circuit court where this action of the county court was affirmed, and appeal from the judgment of the circuit court is prosecuted here, and the action of the lower courts in holding that the judgment by default was void is presented here for decision.

If the appellee is correct in its contention that the judgment was void, then the sheriff was not liable for failure to return the execution.

Of course, it cannot be seriously contended that the notation, quoted above, on the execution was a return thereof in conformity to the statute, as the duty imposed upon the sheriff by law was to levy the execution on

defendants' property, or, in default thereof, to return it nulla bona.

If the judgment in the case at bar was void, it was a complete defense to the motion against it. See Daily v. State, 56 Miss. 475.

On appeal, this court has uniformly held that judgments by default, rendered when there is a plea on file, which plea is not a nullity, are erroneous, and many cases have been reversed for that reason. Beginning with the case of Dean v. McKinstry, 2 Smedes & M. 213, and ending with the case of Dalton et al. v. Rhodes Motor Co., 153 Miss. 51, 120 So. 821, this court has announced the rule that a judgment by default, rendered at a time when a plea is on file, even though it was defective, is an erroneous judgment, and, for that reason, the case would be reversed.

There seems to be no exception to this rule in the various appellate courts throughout the country. But our attention has not been called to a single case in which a judgment has been condemned as absolutely void. It may be that such a judgment might be vacated, as having been rendered through mistake, in a court of equity; but, where a court has jurisdiction of the subject-matter and of the parties, and renders a judgment at a term of court, it is without power to set aside such judgment after the term of court has elapsed. See Sagory v. Bayless, 13 Smedes & M. 153; Barker v. Justice, 41 Miss. 240; Shirley v. Conway, 44 Miss. 434; Wiggle v. Owen, 45 Miss. 691; Lane v. Wheless, 46 Miss. 666; Beard v. McLain, 117 Miss. 316, 78 So. 184; Evans v. King-People's Auto Company, 135 Miss. 194, 99 So. 758; and Bates v. Strickland, 139 Miss. 636, 103 So. 432.

In the case at bar it will be noted that the court distinctly found that no plea was on file, and so recited in the judgment. In other words, the judgment contained everything necessary to show jurisdiction of the court and proper rendition of the judgment.

But it may be said that the court erroneously found a fact to exist which was not true, as now disclosed. Then, if that be true, the court erroneously decided, as a matter of law, that it could render a judgment by default while a plea, good in form, was on file. That was an error of law that did not involve the jurisdiction of the court as to the subject-matter and the persons, and it would not render such judgment by default void.

As was aptly said by Judge WHITFIELD in the case of Vicksburg Grocery Company v. Brennan (Miss.), 20 So. 845, 846: "A judgment imports verity. It is conclusive in its character, and admits of no question. An execution has none of these attributes. Its force depends upon the existence of a judgment. As its efficacy must depend upon a judgment, the judgment can only be required for the purpose of proving the legal existence of the execution," citing authorities.

In the Brennan case the sheriff sought to show that there was, in fact, no process upon which the judgment was rendered by the justice of the peace. The lower court sustained that contention, but the case was reversed by this court. This case was approved in the case of Green v. Taylor, 111 Miss. 232, 71 So. 375.

The county court is a court of general jurisdiction, and a court of record. In the case at bar it did not exceed its jurisdiction as fixed by the statute, section 693, Code 1930.

An erroneous judgment is not necessarily a void judgment, and, upon a collateral attack, as in the case at bar, the judgment must be void to avail the sheriff of relief from his liability for failure to return the execution. This is true, even though a motion to quash the execution is made. Jackson v. Redding, 162 Miss. 323, 138 So. 295, 139 So. 317. In the case of Alabama & V. R. Co. v. Bolding, 69 Miss. 255, 13 So. 844, 845, 30 Am. St. Rep. 541, this court said that:

"The only ground on which the motion to vacate the

judgment could be sustained is that it is void. Mere irregularities,—questions of error or no error,—such as might cause a reversal on appeal, and for which the judgment would not be pronounced void, cannot be availed of by motion before the court which rendered the judgment. It cannot, at a term subsequent to the judgment, reverse or annul it for mere errors of law in the proceedings. Only this court can do that."

There the court distinctly pointed out the difference between error or irregularities and the question of jurisdiction of the court.

The last utterance of this court directly in point is found in the case of Cotton v. Harlan, 124 Miss. 691, 87 So. 152. There was a judgment in an attachment proceeding issued by a creditor. The record did not show that the affidavit required by the statute as to the post office address of the non resident defendant was on file, and, in passing on the question, the court said that: "Whether or not the judgment creditor filed with the justice of the peace in the attachment proceeding the affidavit required by the statute, setting forth the pos' office of the defendant therein, or the creditor's failur to ascertain it, cannot be inquired into here, for the reason that the court of a justice of the peace is a court of record and of general jurisdiction. Brian v. Davidson 25 Miss. 213; Stevens v. Mangum, 27 Miss. 481; Vicksburg Grocery Co. v. Brennan [Miss.], 20 So. 845. And where a judgment of such a court is attacked collaterally, as in the case here (McKinney v. Adams, 95 Miss. 832, 50 So. 474), unless the contrary affirmatively appears from the record, all jurisdictional facts are conclusively presumed to have existed, whether there are recitals in the record to show them or not." This case was differentiated from the case of Ponder v. Martin, 119 Miss. 156, 80 So. 388.

There is no question but that the county court had jurisdiction of the subject-matter. It was a suit for the

sum of one thousand dollars, and the court had jurisdiction of the parties thereto, and everything appeared on the face of the judgment to make it a valid judgment, so far as any collateral attack is concerned.

We have not failed to note the case of Moore v. Hoskins, 66 Miss. 496, 6 So. 500, wherein a judgment by default was rendered upon a summons, the return on which was simply the wood "executed." Counsel there conceded that the judgment was void. Motion was made to vacate the judgment and proceed to trial of the case. Judge Cooper, as the organ of the court, said that a judgment entered by a justice of the peace in November, 1882, was void because it was not shown that the service was personal.

It will be instantly observed that, at the time of the rendition of the judgment by the justice of the peace, the court did not have jurisdiction of the parties against whom the default judgment was rendered.

The cases of Globe Rutgers Life Ins. Co. v. Sayle, 107 Miss. 169, 65 So. 125, and Watkins Machine & Foundry Co. v. Cincinnati Rubber Mfg. Co., 96 Miss. 611, 52 So. 629, were cases in which the jurisdiction of the court to render the judgment was in question, but neither opinion is in point, for the reason that they were heard on direct appeal, and not on collateral attack.

We are of opinion that the sheriff's attack upon the judgment by default is collateral, that the county court is one of record and general jurisdiction, and that it affirmatively appears that the court had jurisdiction of the parties and of the subject-matter, and did not exceed its power in the rendition of the judgment, and that it sufficiently appeared that the defendant was liable for the debt sued on. We are also of the opinion that the court, in rendering the default judgment, erroneously held that the plea was a nullity; or that, as a matter of law, it had the right, in the given case, to render such judgment; and that, on appeal, the default judgment

would be subject to reversal, but, having become final, is valid as against a collateral attack.

In conclusion, we will say that it will not do to permit the validity of judgments to rest upon the act or recollection of careless or corrupt clerks. We do not mean to intimate that the clerk in this case was corrupt.

No question of jurisdiction of the court to render the judgment is presented here. It is a question of practice and procedure, and whether in rendering a default judgment the court decided a question of law correctly or not, its decision cannot be inquired into on a collateral attack. There must be an end to litigation.

Counsel for the appellee further contends that the default judgment is void because the service of process was not sufficient. The record shows that the return is in the following language: "I have this day executed the within writ personally by delivering to the within named F. C. Munson, Pres. Munson Road Machinery Co. a true copy of this writ."

We think there is no merit in this contention, for the reason that section 2985, Code 1930, specifically authorizes service of process upon the president, or other head, of a corporation, as well as upon an agent thereof. If there was any defect, it was clearly amendable. However, there is no defect apparent to us. On collateral attack, the judgment here under consideration is not void.

Reversed and remanded.

On Suggestion of Error.

**Cook, J.**, delivered the opinion of the court on suggestion of error.

On a former day of this term the judgment of the court below in this cause was reversed and the cause remanded, and the appellant now suggests that instead of remanding the cause to the circuit court for trial de

novo, we should have entered a judgment here for the amount sued for with interest, and in support of that view he cites Ellis v. S. Pellegrini, Inc. (Miss.), 141 So. 273, 275, and section 3378, Code 1930, which provides that: "In case the judgment, sentence, or decree of the court below be reversed, the Supreme Court shall render such judgment, sentence, or decree as the court below should have rendered, unless it be necessary, in consequence of its decision, that some matter of fact be ascertained, or damages be assessed by a jury, or where the matter to be determined is uncertain. . . ."

In the Ellis v. Pellegrini case, supra, the appellant recovered a judgment in the county court, which on appeal was reversed by the circuit court and the case tried de novo. On appeal to this court the judgment of the circuit court was reversed, and it was held that the circuit court should have affirmed the judgment of the county court, and entered a judgment on the appeal bond which superseded the judgment of the county court, and that this court could enter the judgment which the circuit court should have entered; the court saying: "Such a judgment should have been rendered by the court below, and such must be the judgment here under section 3378, Code 1930, which requires the Supreme Court, when reversing a lower court, to 'render such judgment, sentence, or decree as the court below should have rendered.' "

In the case at bar the circuit court affirmed the judgment of the county court, and the appeal was from this judgment of affirmance. We held that the circuit court should have reversed the judgment of the county court; and section 704, Code 1930, provides that when the circuit court shall reverse a judgment of a county court "the case shall be transferred to the issue docket of the circuit court for a trial therein de novo." Consequently, upon the reversal of the judgment of the circuit court,

which was in effect a reversal of the judgment of the county court, the proper course was to remand the case to the circuit court to be tried de novo in accordance with the statute so requiring. The suggestion of error and motion to correct the judgment will therefore be overruled.

Overruled.