MURDOCK ACCEPTANCE CORP. *v*. SMITH, et al.

No. 39423 January 3, 1955 76 So. 2d 688

February 7, 1955 77 So. 2d 727

*Watkins & Eager,* Jackson, for appellant.

*Colin L. Stockdale,* Jackson, for appellees.

598

McGehee, C. J.

This appeal is from a final decree of the chancery court which permanently enjoins the appellant Murdock Acceptance Corporation and the Sheriff of Hinds County from selling any of the property of the appellees, J. E.

Smith and Alpha Mae Smith, under a final judgment rendered against them on May 29, 1953, as sureties on a forthcoming bond of L. Percy Quinn, whose automobile had been replevied by the appellant, the defense of the sureties being that the automobile in question had been surrendered to the sheriff, instead of to the plaintiff in replevin, and that the sheriff had sold the same under execution on a prior judgment which had been obtained by a mechanic who had furnished labor and materials in connection with the repair of said automobile.

The Murdock Acceptance Corporation became the owner by assignment of a conditional sales contract on a 1946 Buick automobile, motor No. 45590655, originally sold to Clara Varnell and later acquired by L. Percy Quinn. Thereafter, the said L. Percy Quinn became indebted to J. F. Langley, d/b/a Langley Motor Service in Jackson, for the sum of $177.07 for labor and material furnished in connection with the repair of the automobile. Langley instituted a suit against Quinn to enforce a mechanic's and materialmen's lien under Section 353, Code of 1942. He had parted with the possession of the automobile and attempted to impress a lien thereon as provided for under Section 355, Code of 1942, in the same manner as for enforcing a purchase money lien under Section 337, Code of 1942, as provided for by Section 341, Code of 1942.

The Langley suit was instituted in the court of a justice of the peace in the first judicial district of Hinds County, and the writ of summons and seizure was executed by the Sheriff of Rankin County. This defect in the manner of serving the process was raised by the defendant Quinn on the appeal to the county court and he obtained a writ of certiorari to have the transcript from the justice of the peace court made complete so as to disclose that the writ of summons and seizure directed to the Sheriff of Hinds County had been executed by the Sheriff of Rankin County. In that connection he gave what is styled a certiorari appeal bond with supersedeas,

dated March 4, 1953, in the sum of $375, with the appellees, J. E. Smith and Alpha Mae Smith, as sureties thereon, and conditioned that he would have the automobile before the county court on the second Monday of April 1953 and satisfy the judgment rendered by the justice of the peace, and also such final judgment as may be rendered in the cause on the appeal to the county court.

A forthcoming bond in the sum of $400 had been given by the defendant L. Percy Quinn, with J. R. Brannon and Charlie H. Warren as sureties thereon, to have the automobile in question before the justice of the peace on January 20, 1953, and on that date a judgment was rendered against the defendant and his said sureties that they restore the automobile to the plaintiff Langley, or pay him the value of his lien against said automobile in the sum of $177.07 and the court costs.

On the 2nd day of May 1953, the plaintiff Langley and the defendant Quinn agreed that the writ of certiorari should be dismissed and that a judgment should be entered in the county court for the amount sued for. The judgment of the county court rendered on May 6, 1953, recited, among other things, that the writ of certiorari "having brought the record in the court below before this court, and no error being found therein, the plaintiff, J. F. Langley, d/b/a Langley Motor Service, do have and recover of and from the defendant Percy Quinn, and his bondsmen * * * J. E. Smith, and Alpha Mae Smith, the following described property: one 1946 four-door Buick automobile, motor number 45590655, tag number 372-133, or pay to said plaintiff the value of his lien against said automobile, to-wit: $177.07, plus $3.10 legal interest accrued thereon to date, together with all court costs both here and in the court below, for all of which let execution issue."

In the meantime the appellant Murdock Acceptance Corporation filed its affidavit in replevin on April 6, 1953, setting forth that the automobile in question was

the property of the Murdock Acceptance Corporation; that said property was in the possession of and wrongfully detained by either Clara Varnell or Percy Quinn, and that the appellant Murdock Acceptance Corporation was legally entitled to the immediate possession thereof. A writ of replevin was issued as prayed for against the said Clara Varnell and Percy Quinn on or about the 30th day of April 1953, and a declaration in replevin was duly filed in said cause on May 8, 1953. The defendants in this replevin suit filed a motion to quash the writ, which was overruled, and they failed to appear and plead further and on May 29, 1953, a judgment was rendered in favor of the appellant Murdock Acceptance Corporation, which recited, among other things, that the said appellant "do have and recover of and from said defendant, PERCY QUINN, one 1946 Buick, 4-door sedan, Motor No. 45590655, of the value of $500.00, or, in the alternative, that said plaintiff do have and recover of and from said defendants, PERCY QUINN and his sureties, J. E. SMITH and ALPHA MAE SMITH, the sum of $500.00, together with all costs of this court, for all of which let execution * * * issue as provided by law."

It is contended by the appellees that since the appellant knew of the pendency on appeal in the county court of the Langley suit to enforce a mechanic's lien, the appellant should have intervened under Section 2869, Code of 1942, by the filing of a claimant's affidavit for the automobile, instead of resorting to the action of replevin. That section of the code provides that: "The action of replevin shall not be maintainable in any case of the seizure of property under execution or attachment when a remedy is given to claim the property by making claim to it in some mode prescribed by law, but the person claiming must resort to the specific mode prescribed in such case, and shall not resort to the action of replevin." Strictly speaking the automobile in question had not been seized under execution or attachment, but rather under a writ of summons and seizure to en-

force a mechanic's lien in the manner provided by law for the enforcement of a lien for purchase money. But assuming that this statute is applicable in this type of case, it was held in Woolner & Lowenstein, et al. v. Spalding, 65 Miss. 204, 3 So. 583, that the sole purpose of the statute was to prevent the possession of the officer from being disturbed by independent actions, and to settle all controversies as to property in the original action; and an owner of property is not precluded of any other remedy than replevin, and that is prohibited only so long as the property is in the custody of the officer.

■■■ In the instant case the defendant in the Langley suit had executed a forthcoming bond in the sum of $375 dated March 4, 1953, with the appellees as sureties thereon, and had retained possession of the automobile which he still held at the time of the institution of the replevin suit on April 6, 1953. In other words, at the time of the institution of the replevin suit the automobile was no longer in *custodia legis* but had been bonded by the defendant Quinn for double the amount sufficient to satisfy the mechanic's lien suit in the sum of $177.08. When the appellees signed the replevin bond in the sum of $1,000 in favor of the appellant on May 2, 1953, agreeing that "unless the said principal obligor and defendant (L. Percy Quinn) shall have certain personal property to-wit: 1 1946 Buick, Four-door Sedan, Motor No. 45590655, of the value of $500 before the County Court of Hinds County, to satisfy the judgment of said court in the action of replevin * * *," they thereby obligated themselves to have the said automobile available to satisfy the judgment in the county court, or in the alternative to pay the value thereof, in the replevin suit, in the same manner that they had theretofore obligated themselves to have the same available at said court to satisfy such judgment as should be rendered in the Langley suit for the enforcement of the mechanic's lien, that is to say in the first suit they had obligated themselves to surrender the automobile or pay the value of the

mechanic's lien in the sum of $177.07 and all costs, and in the second suit they had obligated themselves to surrender the automobile to the plaintiff in replevin or to pay its value in the sum of $500 and all costs.

The appellees in the present injunction suit have challenged the validity of the judgment rendered against them in the replevin suit of the appellant on the ground that appellant should have proceeded under the said Section 2869, Code of 1942, supra, but that question was raised in the replevin suit by a motion to quash the writ, and the motion was overruled. The plaintiff and his sureties thereafter suffered the judgment in replevin of May 29, 1953, to be rendered against them, and then failed to take an appeal therefrom.

In the case of Rawlings v. American Oil Company, 173 Miss. 683, 161 So. 851, it is said: "The authorities appear to be practically one way in holding that a proceeding to enforce a judgment is collateral to the judgment, and therefore the judgment itself cannot be attacked in such a proceeding except for fraud in its procurement or voidness on its face. 34 C. J. 522, Section 828; McIntosh v. Munson Road Machinery Co., 167 Miss. 546, 145 So. 731; Cotton v. Harlan, 124 Miss. 691, 87 So. 152."

 The county court had jurisdiction of the subject matter and of the parties in the replevin action. The entire file in the replevin suit is in evidence in the instant case, and not even the existence of the mechanic's lien suit of Langley is disclosed in the replevin suit, unless it can be said that the motion to quash the writ of replevin on the ground that the suit is "in direct contravention of the laws of the State of Mississippi, and therefore null and void *ab initio*" which is claimed in the brief of appellees to have reference to Section 2869, Code of 1942, hereinbefore quoted, is directed at the pendency of the mechanic's lien suit. But see Jackson v. Redding, 162 Miss. 323, 138 So. 295, and Hinton v. Shedd, 76 So. 144 (Miss.), holding in effect that this

final judgment of the county court in the replevin suit, which was unappealed from as aforesaid, cannot be collaterally attacked in this injunction suit to prevent the sale of the property of the appellees, as sureties on the replevin bond.

Finally, it is urged by the appellees on this appeal that after the adjournment of the term of the county court during which the two judgments were rendered, and on the next day after the time for an appeal in the replevin suit had expired, the defendant Quinn stored the automobile at the Super Service Garage in Jackson in the name of the sheriff and notified the deputy sheriff that he could go there and take possession of the same, the defendant having testified that he was unable to take an appeal in the replevin suit and had so informed the deputy sheriff, and it is contended by the appellees that this action on the part of the defendant Quinn constituted a compliance with the obligation of the replevin bond for the surrender of the automobile, and served to relieve the appellees as sureties of any liability for the payment of the $500 value of the automobile as fixed in the judgment of replevin against them. However, the deputy sheriff testified that he received no instructions from the defendant as to which judgment he was surrendering the automobile in satisfaction of. The chancellor resolved this issue of fact in favor of the testimony of the deputy sheriff.

Moreover, the defendant and his sureties necessarily knew that it was the duty of the sheriff to advertise and sell the automobile and to first apply the proceeds of the sale to the satisfaction of the first execution placed in his hands, to-wit, the execution on the prior judgment establishing a mechanic's lien in favor of Langley against the same.

The automobile was advertised and sold, and there remained no excess of proceeds to be applied on the judgment in favor of the plaintiff in replevin. But the appellees contend that since the appellant Murdock Accept-

ance Corporation had requested an execution on its judgment, it had thereby constituted the sheriff its agent to receive the automobile, and that therefore the delivery of the automobile to the deputy sheriff was a compliance with the judgment in replevin. A letter written by the attorneys for the appellant herein to the circuit clerk on June 8, 1953, before the delivery of the automobile to the Super Service Garage on June 24, 1953, requested that the execution be issued "on one 1946 Buick 4-door sedan, Motor No. 45590655, of the value of $500, believed to be in the possession of Percy Quinn * * *'' and that it be delivered ''to Murdock Acceptance Corporation in accordance with the judgment.'' It was recited in the judgment referred to that the said Murdock Acceptance Corporation ''do have and recover of and from said defendant, PERCY QUINN, one 1946 Buick, 4-door sedan, Motor No. 45590655, of the value of $500.00, or, in the alternative, that said plaintiff do have and recover of and from said defendant, PERCY QUINN and his sureties, J. E. SMITH and ALPHA MAE SMITH, the sum of $500.00, together with all costs,'' as hereinbefore stated.

 The action of replevin was based on the usual conditional sales contract which this Court has repeatedly held to constitute security for the payment of the indebtedness, even though the contract purports to retain title to the property in question, and therefore the appellant was entitled to the possession of the automobile, with the right to advertise and sell the same for the satisfaction of the indebtedness, and hence was entitled to replevy the same for that purpose. Moreover, the judgment in replevin, in the absence of an appeal therefrom, entitled the plaintiff in the replevin suit to recover of the defendant and the sureties on his replevin bond the sum of $500 and costs of the suit, unless the automobile was made available to the plaintiff in re-

plevin for sale to satisfy the indebtedness due the plaintiff thereon, which was slightly in excess of the sum of $500.

Section 2863, Code of 1942, provides, among other things, that "if the property be in possession of the losing party, the execution shall command the sheriff to take the property in controversy, if the same may be had, and deliver the same to the successful party, and, if not to be had, that he make the value thereof of the goods and chattels, lands and tenements, of the party and his sureties against whom the judgment is rendered * * * * ."

A surety is not released from liability to return personal property or pay a money judgment by inability to return the personal property. Such a judgment is in the alternative, and the surety is still liable on the alternative provision of the judgment in replevin to pay the money value of the property as fixed therein if he is unable to surrender the property itself to the plaintiff in replevin. A surety is not relieved of liability by the fact that the property may have been sold under a prior lien; this should be especially true where the surety has obligated himself to have the property forthcoming to satisfy each of the liens or in the alternative to pay the value of the lien or the value of the property. Huish v. Fenkell, (Utah) 39 P. (2) 330; American Packing Company v. Luketa (Wash.), 22 A. L. R. 206, 196 P. 1; Maynard v. Bank of Kershaw (S. C.), 198 S. E. 188; Dehler v. Held, 50 Ill. 491; Liggett Company v. Morris, et al., 96 Ind. App. 625, 178 N. E. 236; Staples, et al. v. Word (Texas), 48 S. W. 751; Garner v. Quakenbush (N. C.), 122 S. E. 474, 36 A. L. R. 1095; T & H Motor Company v. Sands, 186 N. C. 732, 120 S. E. 459.

In an Annotation in 36 A. L. R. 1102, it is said: "The few cases in which the question has arisen are authority for the ruling that, in an action on a bond given in replevin proceedings, it is no defense that some third per-

son, not a party to the proceedings, has a superior title or lien than that of the plaintiff,'' citing numerous authorities.

In the case of Dehler v. Held, supra, the Illinois Court held that the mere fact that performance may be inconvenient or attended with loss is no excuse. The performance here was not rendered impossible. That Meister could have redeemed the property by paying the mortgage debt, and thus retained it to answer the condition of the bond; that it was within his power to perform the condition of the bond.

The sureties on the replevin bond of defendant Percy Quinn could have reduced their liability by paying off the mechanic's lien and by then surrendering the automobile to the appellant Murdock Acceptance Corporation so as to avoid the payment to it of the $500 fixed as the value of the automobile in the judgment in replevin. The injunction against the sale of the city lots of appellees should not have been made permanent. The only way they could free their own property of liability was to have paid the $500 value of the automobile and the cost in the replevin suit. They had, by becoming sureties for the defendant Quinn, enabled him to retain possession of the automobile, and had become liable for the payment of the value thereof in the replevin suit when they failed to pay the value of the mechanic's lien, and allowed it to be sold for the satisfaction thereof and with the result that the property was unavailable to the plaintiff in replevin.

From the foregoing views it follows that we are of the opinion that the decree which permanently enjoined the sale of the property of the sureties on the replevin bond should be reversed and the injunction dissolved. It is so ordered.

Reversed and judgment here for the appellant.

*Lee, Arrington, Ethridge* and *Gillespie, JJ.,* concur.

ON MOTION OF APPELLANT TO CORRECT JUDGMENT

McGehee, C. J.

There was a final judgment rendered against L. Percy Quinn as principal, and the appellees, J. E. Smith and Alpha Mae Smith, on May 29, 1953, as sureties on a forthcoming replevin bond of L. Percy Quinn, the amount of the judgment being for $500 and costs unless the automobile was forthcoming to be surrendered to the plaintiff, Murdock Acceptance Corporation, in replevin. The automobile was not forthcoming to satisfy the said judgment.

The judgment above referred to was rendered in the County Court in the First Judicial District of Hinds County, and no appeal was taken therefrom. In the instant case the appellees obtained an injunction to stay proceedings at law on the judgment, and enjoined the sale of some of their property under execution on the judgment. We reversed the chancery court in its action in enjoining the sale of the property of the said sureties and we dissolved the writ of injunction here.

The judgment heretofore entered, following the rendition of our opinion on January 3, 1955, in the above styled cause, did not take into consideration Sections 1351 and 1352, Code of 1942, which entitled the appellant to a judgment here against the appellees and the U. S. Fidelity & Guaranty Company, surety on the injunction bond, for the sum of $500, with the legal rate of interest of 6% per annum from and after May 29, 1953, together with 5% as damages to be added to the judgment enjoined, and to recover all costs, not only in this Court, but in the chancery court in which the injunction was granted, as well as the costs in the county court wherein the judgment enjoined was rendered.

A corrected judgment will therefore be entered against the appellees and their said surety on the injunction bond in the manner and form hereinbefore stated, and such judgment here rendered is to be certi-

fied by the clerk of the court in which the injunction bond was filed to the clerk of the court in which the judgment was rendered as provided by Section 1351, supra, in order that an execution may be issued against the appellees and the surety on their injunction bond for the amount of the judgment and costs as rendered in the county court, together with the costs in the chancery and in the Supreme Courts.

Motion to correct judgment sustained.

*Lee, Arrington, Ethridge* and *Gillespie, JJ.,* concur.